COOPER *v.* BRESLER.

### David Cooper v. Charles E. Bresler and another.

Where bill was filed to foreclose a mortgage given to secure the payment of three notes, and the bill stated that a judgment had been recovered on the first note, which had been nearly paid, but did not show that execution had been issued on the judgment and returned unsatisfied in whole or in part, nor distinctly claim a decree for the amount of the other two notes only, nor waive the right to the mortgage security as to the part of the mortgage debt included in the judgment, it was *held*, that the case presented by the bill came directly within the prohibition of the Statute (*Comp. L.* § 3569), and decree rendered therein was reversed on appeal, and the bill dismissed.

*Submitted on briefs, January 18th. Decided January 20th.*

Appeal by defendants from Wayne Circuit in Chancery, where decree for complainant had been rendered on default.

*E. N. & O. B. Wilcox*, for complainant.

*D. C. Holbrook*, for defendant.

CHRISTIANCY J.:

The bill was filed to foreclose a mortgage given to secure three promissory notes, each for $3,333.33, all dated the 19th day of May, 1857, and payable severally on the first day June, 1858, 1859 and 1860.

Judgment had been obtained at law on the note first due, before the present bill was filed.

If the bill had distinctly claimed a decree for so much only, of the money secured by the mortgage, as was not included in the judgment, and complainant had, on the face of the bill, expressly waived or disclaimed all right ·or claim to the mortgage security, as to that part of the mortgage debt, he might probably have maintained his bill for the balance (the last two notes) without alleging that execution had been issued on the judgment, and returned unsatisfied in whole or in part; as it would then have appeared that the moneys demanded by the bill were no part of the moneys for which judgment at law had been ·obtained: — *Comp. L.* § 3569.

But the bill contains no such express waiver or dis-claimer, nor any thing from which the inference of such an intent on the part of complainant can fairly be drawn.

The bill alleges that, " on the 24th day of November, 1858, complainant recovered a judgment against the said C. Edward Bresler, in the Circuit Court for said county, upon said note first due, and interest on all said notes up to the said 24th day of November, 1858, being the sum of $4371,90; but that no legal proceedings have ever been instituted upon the other two said notes, and which judg-ment has been nearly paid."

That part of the bill which is evidently intended to state the amount claimed to be due on the mortgage debt, is in the following language : " And your orator further shows unto the Court that there is now due and unpaid on said notes and mortgage the sum of $7172.22, of which the sum of $3706.64 is actually due, being $3333.33 principal and interest on one of said notes to the first day of June, 1859, *and that said judgment remains unpaid and unsatisfied in part.*" This is all we hear of the judg-ment or any payment upon it: it does not appear that any execution was ever issued upon it : and from the last clause above quoted (which I have given in italics) when taken with its context, it would appear complainant intended to claim by his bill any balance which might remain unpaid upon the judgment, or, at least, that he did not intend to waive the security of the mortgage for such balance.

In every other instance (not less than eight) where the mortgage debt, or sum claimed, is mentioned or referred to, it is spoken of as the amount due, or the amount to become due " upon said notes and indenture of mortgage" or " the money secured by the said notes and indenture of mortgage," making no distinction between the first and subsequent notes. Finally, the bill prays a personal decree against the mortgagor, for " any balance that shall remain

due to complainant of the principal and interest of said notes and indenture of mortgage, if the sale of said mortgaged premises, as aforesaid, fail to produce sufficient to pay the whole of said mortgage debt."

We think, therefore, it sufficiently appears on the face of the bill that "a judgment has been obtained in a suit at law" for "a part of the moneys demanded by the bill," and that the case falls directly within the prohibition of the Statute (*Comp. L.* § 3569), and that, to warrant any proceeding on the bill, it should further have shown the return of an execution "unsatisfied in whole or in part." See *Dennis v. Hemingway, Wal. Ch.* 387; *Pattison v. Powers,* 4 *Paige,* 550.

The decree of 'the Court below must therefore be reversed, with costs of this Court only, and the bill must be dismissed without prejudice.

The other Justices concurred.