### SCHULTZ *v.* MEAD.

*(Supreme Court, General Term, Second Department.* February 12, 1890.)

MORTGAGES—FORECLOSURE—DEFICIENCY JUDGMENT.

Code Civil Proc. N. Y. § 1628, which prohibits an action for any part of a mortgage debt, after final judgment for plaintiff in foreclosure, without leave of the court in which the former action was brought, does not apply to an action on a deficiency judgment, as that becomes a new obligation on being docketed, and is conclusive on defendant; and it is immaterial that plaintiff in foreclosure purchased the property at the sale, and made a profit thereon.

Appeal from special term, Kings county.

Action by Harmon C. Schultz against George W. Mead to enforce a deficiency judgment rendered against defendant, and in favor of William Cole, who assigned it to plaintiff. The judgment was rendered after foreclosure of a mortgage against defendant, and the sale of his property thereunder. Cole, the foreclosure plaintiff, purchased the property at the foreclosure sale. Code Civil Proc. N. Y. § 1628, prohibits an action to recover any part of a mortgage debt, after final judgment for plaintiff in foreclosure, without leave of the court in which the former action was brought. Judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Sewall Sergeant,* for appellant. *James & Thomas H. Troy,* for respondent.

PRATT, J. The principle laid down in the case of *Mead* v. *Spink,* 1 N. Y. Supp. 390, is decisive of this case. This case does not fall within section 1628 of Code of Civil Procedure, as that section has reference to the original debt the mortgage was given to secure. One purpose of the section is to prevent more than one suit, and one bill of costs, upon the bond of original indebted-

ness. The defendant is concluded by the deficiency, and the plaintiff had the right to sue upon that judgment. The judgment became a new obligation upon its being docketed; and the fact that plaintiff's assignor made a profit upon his purchase of the mortgaged premises was entirely immaterial. The dissenting opinion in the case of *Mead* v. *Spink* may be what the law ought to be; but it was overruled by this general term, and such decision is conclusive in this contention. Judgment must be affirmed, with costs. All concur.