UNION GUARDIAN TRUST CO. *v.* ROOD.

1. MORTGAGES—FORECLOSURE—PASSING TITLE TO LAND.
   In this State, title to land incident to foreclosure of mortgage lien may be passed only by statutory foreclosure (3 Comp. Laws 1929, § 14425 *et seq.*), or by foreclosure in chancery (section 14364 *et seq.*).

2. CONVERSION—DOCTRINE OF EQUITABLE CONVERSION—APPLICATION—TITLE TO LAND SOLD ON CONTRACT.
   Vendor's claim that his interest in land sold on contract, pledged as collateral to loan, is personal property, is untenable, being attempt to apply doctrine of equitable conversion under circumstances and to conditions to which it is not applicable.

3. SAME—WHEN DOCTRINE OF EQUITABLE CONVERSION NOT TO BE ADOPTED.
   Courts should not adopt doctrine of equitable conversion or any other equitable or legal fiction, where doing so would unsettle or render uncertain valuable property rights; it being of great importance that law should be so administered as to avoid as far as possible uncertainty in titles to real estate.

4. MORTGAGES—FORECLOSURE—SALE UNDER COLLATERAL SALES STATUTE VOID.
   Where debtor executed trust agreement which ordinarily would be executed incident to pledge or collateral loan, but which included interest in lands, including some parcels sold on contract, constituting in fact and law real estate loan and mortgage, creditor's attempt to sell debtor's interest in said real estate under so-called collateral sales statute (2 Comp. Laws 1929, §§ 9561–9563) was wholly without statutory authority and void, and therefore said indebtedness was in no way affected by said void sale.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted November 3, 1932. (Docket No. 220, Calendar No. 36,897.) Decided January 3, 1933. Rehearing granted April 21, 1933.

Bill by Union Guardian Trust Company, a Michigan corporation, against John R. Rood and another to foreclose a mortgage. Decree for plaintiff. Defendants appeal. Affirmed.

*Bulkley, Ledyard, Dickinson & Wright* (*William B. Cudlip*, of counsel), for plaintiff.

*John R. Rood,* for defendants.

NORTH, J.   From a decree for plaintiff in a mortgage foreclosure defendants have appealed. Their contention is that the mortgage debt had been paid in full before suit was instituted. On October 10, 1927, John R. Rood became indebted to the Union Trust Company, of which plaintiff is the successor, in the sum of $40,000. To secure payment Mr. Rood and his wife, Stella D. Rood, executed and delivered to the Union Trust Company a note and other papers which collectively are denominated by counsel an equitable mortgage. As stated in appellants' brief:

"The mortgage sought to be foreclosed consisted of deeds, assignments, an instrument entitled 'trust agreement,' and another entitled a 'power of sale,' all executed at one time as one transaction and intended merely as evidence of and security for the debt of the defendant, John R. Rood, to the plaintiff, sought to be foreclosed in this suit. At the time this transaction occurred the plaintiff knew and the papers on their face disclosed that part of the properties were owned by the defendant, John R. Rood, in fee simple, and that part of the properties had been sold by him on land contract, and his entire interest in the lands sold consisted of the unpaid balance on these land contracts which the papers then executed authorized the plaintiff to collect and apply upon the debt."

From time to time renewal notes were given. The last, bearing date October 8, 1930, was for $38,150, interest at six and one-half per cent. per annum due February 9, 1931. The mortgage covered 13 parcels of land, the fee title to which was held by defendants. Three of these parcels had been sold by defendants on land contracts. Because of nonpayment of the note due February 9, 1931, plaintiff, on May 21, 1931, notified Mr. Rood that it would sell the "collateral" held by it on June 2, 1931. Evidently plaintiff assumed that a valid sale of the properties covered by its equitable mortgage could be had under the so-called "collateral sales statute" (2 Comp. Laws 1929, §§ 9561–9563). Notice was given as provided in the statute; and at the alleged sale the securities held by plaintiff were sold collectively to plaintiff for a bid of $39,782.50, that being the full amount on that date of Mr. Rood's indebtedness to plaintiff.

Shortly after the above-mentioned sale, plaintiff was advised by its counsel that the mortgage held by it could not be foreclosed in the manner attempted, and that the so-called sale was void. On August 27, 1931, plaintiff filed this bill of complaint for the purpose of foreclosing its mortgage. The controverted issue is presented by the answer of Mr. Rood, hereinafter referred to as defendant and appellant. His position and claim is that the attempted sale of the parcels of land which he had not sold on contract was wholly void, and in this plaintiff agrees; but Mr. Rood asserts that as to the three parcels sold on land contracts, his interest therein was personal property, and therefore it passed to plaintiff by reason of the sale held June 2d; and since plaintiff bid the full amount of Mr. Rood's indebtedness to it, the debt is fully satisfied, the

other mortgaged parcels are free from lien, and plaintiff has nothing to foreclose. On the other hand, plaintiff asserts that the attempted sale was wholly void, that it received nothing in consequence thereof, that the mortgage is still wholly unpaid, and it is entitled to foreclosure.

The specific question is this: Can a mortgagor's title in fee to real estate which he has sold on a land contract be foreclosed by the mortgagee and title to the real estate (subject to the outstanding land contract) be vested in a purchaser at a sale conducted under and in accordance with the collateral sales statute (2 Comp. Laws 1929, §§ 9561–9563)? In support of this contention that there was a valid sale, appellant asserts that his interest in such real estate, being that of the vendor in the land contracts, was personalty (see *Detroit Trust Co. v. Baker,* 230 Mich. 551); and, being personalty, it could be sold under the statute above cited.

If the doctrine of equitable conversion were to be applied as contended by appellant, it is obvious rather dire results would follow. For notwithstanding the doctrine of equitable conversion, the record title to the land is in the vendor (mortgagor), not in the vendee. This title can be acquired by another only by voluntary conveyance or operation of law. It is too clear for argument that the collateral sales statute does not contain any provision by which title to real estate can be transferred or passed to a purchaser. No one has power incident to the conduct of such a sale to execute and deliver to the purchaser a deed. In this State, title to land incident to foreclosure of a mortgage lien can be passed only by statutory foreclosure (3 Comp. Laws 1929, § 14425 *et seq.*), or by foreclosure in chancery (3 Comp. Laws 1929, § 14364 *et seq.*). Appel-

lant's claim that his interest in the three parcels of land sold on contract is personal property is untenable, because in so asserting an attempt is made to apply the doctrine of equitable conversion under circumstances and to conditions to which it is not applicable. Of this doctrine we have recently said:

"As has been pointed out by eminent authority, this theory at best is somewhat far fetched. See note to 5 Pomeroy Equity Jurisprudence (4th Ed.), § 2261. Necessity has compelled the adoption of some rule of property by which the rights of descent and distribution are definitely fixed; and it may be conceded that in the absence of some controlling circumstances to the contrary, the application of the doctrine of equitable conversion in the manner above suggested accomplishes a fairly just result. But this theory, which is no more than a legal fiction, should not be applied in such a manner or under such circumstances as will confessedly defeat the disposition that one may make of his or her property so long as such disposition is not in violation of law.

"Carried to its logical conclusion, the doctrine of equitable conversion leads to many strange and serious results, especially as applied to lands held by entireties. * * * Also in the instant case, Mr. and Mrs. Kramer reserved the right to place a mortgage upon their interest in these properties after giving the contracts. Had they given such a mortgage it would hardly be contended that it was a chattel mortgage because it covered only the interest of the vendors which had become personal property under the doctrine of equitable conversion." *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468.

Application of the doctrine of equitable conversion to the instant case would accomplish a decidedly inequitable result, because the value of the three parcels of land which appellant asserts were

sold to appellee is very much less than the amount bid at the sale. Further, it is of great importance that the law should be so administered as to avoid as far as possible uncertainty in titles to real estate. If the theory of equitable conversion were to be applied and under the collateral sales statute foreclosure had in cases, such as this, involving interests in lands and hence the transfer of title thereto, the result would be destructive of all stability of land titles. Courts should not adopt the doctrine of equitable conversion or any other equitable or legal fiction, where doing so would unsettle or render uncertain valuable property rights. The apparent inapplicability of the collateral sales statute to foreclosures involving titles to lands is conclusive that the legislature did not intend the statute should apply to such foreclosures.

Notwithstanding the parties hereto, at least the trust company, attempted to evidence this transaction by certain papers which ordinarily would be executed incident to a pledge or collateral loan, and that a subsequent attempt was made to foreclose by sale under the collateral sales statute, the transaction both in fact and in law was a real estate loan and mortgage; and the attempted summary foreclosure under the statute was void. The attempt to sell appellant's interest in the real estate was wholly without statutory authority and therefore wholly ineffective. Appellee neither sold nor bought anything at the alleged sale; and the indebtedness due it from Mr. Rood was in no way affected. The decree of foreclosure entered in the circuit court is affirmed, with costs to appellee.

McDonald, C. J., and Clark, Potter, Sharpe, Wiest, and Butzel, JJ., concurred. Fead, J., did not sit.