UNION GUARDIAN TRUST CO. *v.* ROOD.

ON REHEARING.

COURTS—STARE DECISIS—EQUITABLE CONVERSION.

> Holding of former decision in this case (261 Mich. 188), that doctrine of equitable conversion was not applicable *held,* not a departure from former decisions in some of which said doctrine has been applied and in others has not been applied.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted November 3, 1932. (Docket No. 220, Calendar No. 36,897.) Decided January 3, 1933. Submitted on rehearing May 11, 1933. Decided December 6, 1933.

Bill by Union Guardian Trust Company, a Michigan corporation, against John R. Rood and another to foreclose a mortgage. Decree for plaintiff. Defendants appeal. Affirmed, on rehearing.

*Bulkley, Ledyard, Dickinson & Wright,* for plaintiff.

*John R. Rood,* for defendants.

NORTH, J. Upon careful consideration of the briefs filed on this rehearing by the respective parties, no reason appears for modifying our former decision. 261 Mich. 188. At the original hearing all parties agreed the purpose of this whole transaction was to give plaintiff a "mortgage" as security incident to a loan which it made to defendant John R. Rood. This security covered real estate owned by defendant. For that reason this court

held that the mortgage lien must be foreclosed as a real estate mortgage rather than as a chattel mortgage.· Under the circumstances involved in this case, we held the doctrine of equitable conversion is not applicable notwithstanding a portion of the mortgaged property was subject to prior contract of sale. The reason given for so holding was that application of that doctrine in the instant case "would accomplish a decidedly inequitable result." In so holding we are not departing from our former decisions in which the doctrine of equitable conversion has been applied, nor from our former decisions holding that under certain circumstances this doctrine should not be deemed applicable. *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468. We reaffirm our former decision, without costs on this rehearing.

McDONALD, C. J., and POTTER, SHARPE, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit. CLARK, J., took no part in this decision.