UNION GUARDIAN TRUST CO. *v.* ROOD.

1. MORTGAGES—FORECLOSURE SALE—CONFIRMATION.

   Motions to vacate mortgage foreclosure sale and order of confirmation were properly denied where there was no showing property was sold for less than it was then worth or that more could be obtained on resale but only a showing that under void foreclosure sale held 16 months previously a larger amount had been obtained.

2. SAME—DISCRETION OF COURT.

   Confirmation of foreclosure sale held in accordance with decree rests in the sound discretion of trial court.

3. SAME—CONFIRMATION—PRACTICE—COURT RULES—NOTICE.

   Filing of order confirming sale under mortgage foreclosure and service of notice of such fact upon defendants is proper practice and is in accord with Court Rule No. 45 (1933), and renders contention without merit that advance notice of the order is essential.

Appeal from Wayne; Hart (Ray), J., presiding. Submitted April 24, 1934. (Docket No. 136, Calendar No. 37,796.) Decided June 4, 1934.

Bill by Union Guardian Trust Company, a Michigan corporation, against John R. Rood and wife to foreclose a mortgage. From orders denying motions to vacate sale and confirmation, defendants appeal. Affirmed.

*Rolla L. Carpenter* and *George B. Shaeffer* (*Everett F. Hayes,* of counsel), for plaintiff.

*John R. Rood,* for defendants.

NORTH, J. This appeal is incident to the foreclosure in chancery of a real estate mortgage. Certain

aspects of the litigation have already been adjudicated in this court. See *Union Guardian Trust Co.* v. *Rood,* 261 Mich. 188; 265 Mich. 354. The foreclosure sale having been consummated, an order of confirmation was entered. Defendants thereafter made two motions, one to vacate the sale and the other to vacate the order of confirmation. These motions were denied and the defendants have appealed.

One of the reasons urged in support of this appeal is stated by appellants as follows:

"Because the said sale is manifestly inequitable and unfair to these defendants, being a sale for less than the amount of the said decree, interest, charges and costs, notwithstanding the said decree was obtained by vacating a sale to the plaintiff at its request because of its supposed mistake, without fault on the part of the defendant or either of them, at which prior sale the plaintiff had purchased the property at full amount due; and by vacating the sale and purchasing at a greatly reduced price, a personal liability is left against the defendant, John R. Rood, in the sum of $8,918.54, and notwithstanding that the defendants' equity in the property so sold was appraised by the plaintiff itself at the time the obligation sued on was incurred at $104,000."

The "prior sale" referred to in the above quotation is the attempted foreclosure sale which in our former decision was held to be wholly void. 261 Mich. 188. The attempted sale passed no title. It bound no one. It was in no way connected with the subsequent foreclosure proceedings instituted in equity or the foreclosure sale ultimately decreed. We are not here concerned with the right or power of the circuit judge to have fixed a minimum sale price in the amount bid by the mortgagee at the void

sale. Appellants had notice of the settlement of the decree in the chancery foreclosure and later appealed to this court; but it does not appear from the record, nor is it claimed, that appellants at any time asked the trial court or this court to decree a minimum sale price prior to making the motions involved in this appeal. At the time of presenting these motions to the trial court there was no showing which would have justified the court in refusing confirmation of the sale made, or what amounts to the same thing, setting aside the order of confirmation. In the foreclosure sale the mortgagee bought the property for $33,000. There is no showing that the mortgaged property was sold for less than it was then worth or that more could be obtained on resale. Appellants' sole claim is that because at an attempted foreclosure sale held 16 months earlier than the present sale the mortgagee had bid a larger amount, it should now be required to renew that bid or the sale be not confirmed. Denial of the motions by the circuit judge is wholly justified by the record.

Appellants cite and rely upon *Northwestern Loan & Discount Corp.* v. *Scully,* 256 Mich. 202. That case arose from very different circumstances and is not at all to the point presented by this appeal. Unlike the instant case, in the *Scully Case* the mortgagor in no way assailed the validity of the statutory foreclosure of the real estate mortgage, nor did he make any claim that the title to all the mortgaged property did not pass by the foreclosure sale. Instead the mortgagee, after the period of redemption had expired, filed a bill of complaint for a second foreclosure on the ground that there was some question as to the validity of the title the mortgagee had obtained by purchasing at the sale under

the statutory foreclosure. From a decree dismissing the bill of complaint, plaintiff appealed. Under the circumstances this court in reversing the decree dismissing the bill of complaint and permitting foreclosure in chancery, imposed the condition of granting such relief that a deficiency decree should not be taken. Decision in the *Scully Case* is not a precedent nor an authority for the relief sought by appellants in the instant case. When a foreclosure sale has been made in accordance with the decree entered, confirmation of such sale is a matter which in a large measure rests in the sound discretion of the trial court. *Michigan Trust Co.* v. *Cody,* 264 Mich. 258. In the instant case there is no showing that would justify holding that the trial court did not properly exercise such discretion.

There is no merit to appellants' contention that the confirmation order should be vacated because it was made "without advance notice to the defendants." Appellants were duly served with a copy of the order of confirmation and notice that it had been filed and entered at a time stated. This was in strict accord with the established practice in this jurisdiction as well as with court rule provisions. See Court Rule No. 45 (1933); Puterbaugh's Michigan Chancery Practice (3d Ed.), p. 373; Stace's Michigan Chancery Practice, § 377.

The order of the circuit court from which defendants have appealed is affirmed. Costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.