UNION GUARDIAN TRUST CO. *v.* ROOD.

APPEAL OF COLLATERAL LIQUIDATION, INC.

1. Mortgages—Foreclosure in Equity—Action on Decree.

The decree in a foreclosure suit settles the amount of the mortgage debt, and the report of sale, when confirmed, determines the amount of the deficiency, and the statutory mode for its collection by execution must be resorted to before an action at law can be maintained for its recovery, which action lies upon the decree, and not upon the original obligation.

2. Judgment—Merger of Cause of Action.

When a cause of action is reduced to judgment, it is said to merge into the judgment, and it can never again form the basis of a suit between the same parties.

3. Mortgages—Deficiency—Action—Leave of Court.

While leave of court is required by statute before proceedings can be had for the recovery of debts secured by a mortgage or any part thereof, an action upon a deficiency decree itself is a new and independent action and leave of court is not required therefor (3 Comp. Laws 1929, § 14367).

4. Injunction—Action on Deficiency Decree in Mortgage Foreclosure—Leave of Court.

Issuance of injunction against prosecution of action at law in one county on deficiency decree of court of another county,

---

Merger of cause of action into judgment, see Restatement, Judgments, § 47.

brought before expiration of period limited by statute of limitations and without leave of court wherein decree had been entered, was error since it is unnecessary that leave of court be obtained in order to sue upon a deficiency decree (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; § 14367).

Appeal from Wayne; Toms (Robert M.), J.   Submitted January 7, 1944.   (Docket No. 73, Calendar No. 42,619.)  Decided February 24, 1944.

Bill by Union Guardian Trust Company against John R. Rood and another to foreclose a mortgage. On petition of John R. Rood to restrain suit at law to recover deficiency.   From order restraining Collateral Liquidation, Inc., assignee of plaintiff, it appeals.   Reversed.

*Stanley E. Hathaway, Harry L. Shaberman* and *Samuel S. Willis,* for plaintiff.

*John R. Rood, in pro. per.*

BUSHNELL, J.   The present controversy between Collateral Liquidation, Inc., assignee of Union Guardian Trust Company, and the defendant, John R. Rood, arose out of a mortgage foreclosure which has been before this court in *Union Guardian Trust Co.* v. *Rood,* 261 Mich. 188; on rehearing in 265 Mich. 354; and again on motions to vacate sale and confirmation in 267 Mich. 343.

A deficiency decree was entered against Rood on June 13, 1932.   Being unable to collect the money due under this decree, a suit at law based upon it was begun against Rood in the circuit court of Lapeer county on June 10, 1942, by Collateral Liquidation, Inc., just before the deficiency decree was about to expire by reason of the statute of

limitations. 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1943 Cum. Supp. § 27.605). Rood entered a special appearance in Lapeer county and moved to dismiss for want of jurisdiction, which motion was denied. He then moved to vacate the order denying the motion to dismiss and for a rehearing, which motion was noticed for hearing in the circuit court for Lapeer county on December 1, 1942.

On November 24, 1942, Rood filed a petition in the circuit court for the county of Wayne, where the deficiency decree had been entered. He sought to restrain the law action in Lapeer county. Collateral Liquidation, Inc., opposed the issuance of the injunction and asked in the alternative that it be granted leave *nunc pro tunc* to pursue its remedy in Lapeer county. The trial judge in the Wayne county injunction action denied this alternative request and perpetually enjoined the law action in Lapeer county. From this decree Collateral Liquidation, Inc., has appealed.

Appellant asks to have the injunction set aside on the ground that leave is not required before the institution of a suit at law upon a mortgage deficiency decree, where the suit is based solely upon the decree and not upon the original debt; and argues that, in the event prior leave is necessary, the circuit court should and could have entered an order granting such leave *nunc pro tunc*.

The statute in question, 3 Comp. Laws 1929, § 14367 (Stat. Ann. § 27.1135), provides in mortgage foreclosures in equity that:

"After such bill shall be filed while the same is pending, and after decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."

Appellee contends that the language of this statute precludes any suit at law without leave of the court in which the foreclosure decree was entered, and he cites in support of this contention *Shields* v. *Riopelle,* 63 Mich. 458. The *Riopelle Case* is distinguishable on its facts and contains a statement which, although dictum in that case, is most persuasive against appellee's contention in the instant case. The court there said:

"The decree settles the amount of debt and the report of the circuit court commissioner determines the amount of the deficiency when confirmed after the sale, and the statute provides the mode of its enforcement, by execution, and it must be resorted to before an action at law can be maintained for its recovery, *and then the action will lie upon the decree, and not upon the original obligation.*" (Italics ours.)

The New York civil code contains a section substantially the same as our own. It reads:

"While an action to foreclose a mortgage upon real property is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court, in which the former action was brought." Cahill's New York Civil Practice, § 1078.

This section was construed in *Schultz* v. *Mead,* 8 N. Y. Supp. 663, affirmed in 128 N. Y. 680 (29 N. E. 149), without a written opinion. The New York court said:

"This case does not fall within section 1628 of code of civil procedure (Civil Practice, § 1078), as that section has reference to the original debt the mortgage was given to secure. One purpose of the section is to prevent more than one suit, and one bill of costs, upon the bond of original indebtedness.

The defendant is concluded by the deficiency, and the plaintiff had the right to sue upon that judgment. The judgment became a new obligation upon its being docketed."

When the cause of action is reduced to judgment, it is said to merge into the judgment, and it can never again form the basis of a suit between the same parties. "It 'is drowned in the judgment,' and must henceforth be regarded as *functus officio.*" 2 Freeman on Judgments (5th Ed.), § 546, pp. 1166, 1167.

This is in harmony with the doctrine of merger as given in section 47 of the Restatement of the Law of Judgments. That doctrine is:

"Where a valid and final personal judgment in an action for the recovery of money is rendered in favor of the plaintiff,

"(a) the plaintiff cannot thereafter maintain an action against the defendant on the cause of action; but

"(b) the plaintiff can maintain an action upon the judgment."

The comment on this doctrine is:

"Where the plaintiff brings an action against the defendant and a valid and final judgment for the payment of money is rendered in favor of the plaintiff, the original claim of the plaintiff is extinguished and a new cause of action on the judgment is substituted for it. In such a case the plaintiff's original claim is merged in the judgment."

Leave of court is required by our statute (3 Comp. Laws 1929, § 14367 [Stat. Ann. § 27.1135]) before proceedings can be had for the recovery of debts secured by a mortgage or any part thereof, but an action upon a deficiency decree itself is a new and independent action and leave to begin such

new and independent action is not required by statute in this State.

The circuit court of Wayne county erred in enjoining the new and independent law action in Lapeer county.

The injunction issued by the circuit court of Wayne county is dissolved, and appellee's petition is dismissed. Costs to appellant.

North, C. J., and Starr, Wiest, Butzel, Sharpe, Boyles, and Reid, JJ., concurred.