NORTHERN OHIO BANK v KET ASSOCIATES, INC.

1. Judgment—Summary Judgment—Fact Issues—Opposing Party —No Response to Motion.

Summary judgment is properly entered upon a motion for summary judgment grounded on a claim that there is no genuine issue of material fact where the opposing party completely fails to respond to such motion in an attempt to show that a genuine issue of disputed fact does exist as to the questioned element of the claim.

2. Appeal and Error—Judgment—Court's Discretion—Summary Judgment—Amendment of Pleadings—Potentially Meritorious Defenses—Court Rules.

A trial court abuses its discretion by entering a summary judgment against a defendant without allowing the defendant an opportunity to amend his pleadings in accordance with the court rule regarding summary judgments where the additional defenses urged by the defendant are potentially meritorious (GCR 1963, 117.3).

3. Judgment—Court of Competent Jurisdiction—Collateral Attack—Underlying Obligations.

A judgment entered by a court of competent jurisdiction is not subject to collateral attack against the obligation underlying the judgment, since such obligation has been extinguished and replaced by the judgment.

4. Judgment—Impeachment—Mistake of Law—Lack of Jurisdiction—Media Concludendi.

A judgment is conclusive as to all the *media concludendi* used to reach such judgment and may not be impeached by a showing that it was based upon a mistake of law; however, where a want of jurisdiction over either the person or the subject matter might be shown, an attack upon the judgment may be available.

References for Points in Headnotes
[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 73 Am Jur 2d, Summary Judgment § 29.
[3, 4] 5 Am Jur 2d, Appeal and Error § 853.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted November 3, 1976, at Lansing. (Docket No. 24517.) Decided March 28, 1977.

Complaint by Northern Ohio Bank seeking to enforce certain Ohio judgments against Ket Associates, Inc., and others. Summary judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.* (by *Edward R. Stein) (Squire, Sanders & Dempsey,* by *James P. Murphy,* of counsel), for plaintiff.

*August, Thompson, Sherr & Miller, P. C.* (by *W. Kent Clarke, Jr.,* and *Alan R. Miller),* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

DANHOF, C. J. The plaintiff commenced this action in circuit court seeking to enforce certain Ohio judgments against the defendants. From summary judgment of $656,931.71 in the plaintiff's favor the defendants appeal as of right.

The plaintiff's complaint alleged that the Ohio judgments against the defendants remained unsatisfied and it prayed for entry of a judgment in this state. The defendants answered, simply denying each of the plaintiff's allegations, and asserting an affirmative defense that underlying the Ohio judgments were cognovit notes and that such notes are illegal in Michigan, hence, not entitled to full faith and credit.

Plaintiff responded with a motion for summary judgment on the grounds that (1) there was no

genuine issue of material fact, and (2) the defend-
ants failed to state a valid defense. GCR 1963,
117.2(2), 117.2(3). A proper affidavit supporting the
plaintiff's allegations was also filed. GCR 1963,
117.3.

Since denial of the essential elements of the
plaintiff's cause of action is a sufficient defense,
plaintiff could not have prevailed on the theory
that a valid defense was not stated. However, the
defendants failed completely to respond to plain-
tiff's motion on the remaining ground and no
documents to support the defendants' factual alle-
gations are found in the court file as of the date of
the hearing on the motion. The duty of the party
opposing a motion for summary judgment based on
sub-rule 117.2(3) is clear:

> " 'Motions grounded upon sub-rule 117.2(3) must be
> supported by affidavits. The purpose of the affidavit is to
> assert the dispositive fact or facts upon which the
> moving party claims no genuine dispute exists. Al-
> though the Rule does not require opposing affidavits, it
> is the *obligation of the opposing party to make a
> showing by opposing affidavits, testimony, depositions,
> admissions or documentary evidence on file that a
> genuine issue of disputed fact does exist* as to the
> questioned element of the claim or defense. *Durant v
> Stahlin,* 375 Mich 628; 135 NW2d 392 (1965).' " *Rizzo v
> Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973).

The defendants having failed to respond with
any of these documents, summary judgment in the
absence of other considerations, would have been
properly entered by the trial court on the plead-
ings. We do not feel, however, that summary
judgment was the proper ultimate disposition of
the case at the time it was granted. Summary
judgment is a drastic and final remedy. The record
shows that at the hearing on this motion, the

defendants urged that they be given the opportunity to amend their answer so as to allege the additional defenses of illegality in the forum state, illegality in the state of judgment and denial of procedural due process in the state of judgment.

Because of the finality of summary judgment and because summary judgment may more reflect mispleading than actual justice, sub-rule 117.3 further provides:

"Each party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified."

Rule 118 states, "[after 15 days] a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires". If any of the additional defenses urged by the defendants at the hearing are potentially meritorious, we feel the trial court abused his discretion in proceeding to entry of summary judgment without allowing the defendants one pleading amendment. We therefore, proceed to a brief examination of these additional defenses.

The defendants first argue that Michigan courts could not, as a matter of law, honor the cognovit notes underlying the Ohio judgments. They additionally assert that such notes were or should have been equally repugnant to Ohio law and that the Ohio courts erred in entry of judgment. A judgment entered by a court of competent jurisdiction is not subject to collateral attack against the underlying obligation. *Fauntleroy v Lum,* 210 US 230; 28 S Ct 641; 52 L Ed 1039 (1908). The underlying obligation has been extinguished and replaced by the judgment. *Union Guardian Trust Co v*

*Rood,* 308 Mich 168, 171; 13 NW2d 248 (1944). It is therefore clear that the defendants may not assert illegality of the cognovit notes in either Michigan or Ohio.

The only avenue of attack upon such a judgment available to the defendants is to demonstrate to the court's satisfaction that the judgment was entered by a court without proper, competent jurisdiction:

"A judgment is conclusive as to all the *media concludendi (United States v California & O. Land Co.,* 192 U.S. 355; 24 Sup. Ct. Rep. 266; 48 L ed 476 [1904]); and it needs no authority to show that it cannot be impeached either in or out of the state by showing that it was based upon a mistake of law. Of course, a want of jurisdiction over either the person or the subject-matter might be shown." *Fauntleroy v Lum, supra,* at 237.

It appears that defendants have raised just such a defense in their third argument. It is possible to demonstrate, we believe, that the particular notes in ˙question and procedure employed in entry of judgment, were so repugnant to due process as to deprive the rendering court of jurisdiction. See *Atlas Credit Corp v Ezrine,* 25 NY2d 219; 303 NYS2d 382; 250 NE2d 474 (1969).

We make no judgment on the merits of the defendant's case. We merely observe that defendants sought leave to amend their answer to include a potentially meritorious defense. It was, therefore, error for the trial court to enter summary judgment without allowing such amendment.

The matter is remanded to the circuit court for entry of an order allowing defendants a reasonable time in which to amend their answer to raise a valid defense. Should defendants fail to so amend, summary judgment may properly be entered

against them. Nothing herein shall be construed to prohibit a motion for summary judgment on the amended pleadings.

Reversed and remanded. Costs to defendants.