In re Levon NMI MITCHELL, Geral M. Mitchell, Debtors.

No. 00–13412–MAM.

United States Bankruptcy Court, S.D. Alabama.

May 2, 2001.

Philip M. Leslie, Mobile, AL, for Debtors.

Barry A. Friedman, Mobile, AL, for Sixty St. Francis Street, Inc.

## ORDER DENYING THE MOTION OF SIXTY ST. FRANCIS STREET, INC. FOR RELIEF FROM STAY

MARGARET M. MAHONEY, Chief Judge.

This matter is before the Court on the Motion of Sixty St. Francis Street, Inc. ("SSFS") for relief from stay. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion of SSFS for relief from stay.

### FACTS

The Mitchells own a piece of property in Clark County, Alabama. On November 4, 1998, the Mitchells executed a promissory note and mortgage on the property in the amount of $15,000 at 16.69% in favor of SSFS. On August 28, 2000, the Mitchells filed for relief pursuant to chapter 13 of the Bankruptcy Code. In their schedules the Mitchells listed the value of the property as $21,956.00. At the hearing for relief from stay there was testimony that the debt to SSFS had been reduced to a judgment in the amount of $14,984.64. Neither party denied there was a judgment although a copy of the judgment was not provided to this Court. The debtors scheduled the debt to SSFS as unsecured in the amount of the judgment, $14,984.64. The debtors' confirmed plan proposes to pay all nonpriority, unsecured debts 1% pro rata. SSFS never foreclosed on the property or collected on the judgment. SSFS calculates the amount owed on the mortgage including interest and late charges to be $22,562.45.

### LAW

The issue in this case is whether the mortgage lien survived after the note was reduced to judgment, or if by electing to sue on the note, SSFS gave up its security status and waived all rights under the mortgage. Did SSFS's claims merge into the judgment? The doctrine of merger is an aspect of res judicata which pre-

vents relitigation of existing judgments. *Brenton State Bank of Jefferson v. Tiffany*, 440 N.W.2d 583, 585 (Iowa 1989) (citations omitted). See also *Albrecht v. Zwaanshoek Holding En Financiering, B.V.*, 816 P.2d 808, 811 (Wyo.1991). The doctrine of merger states that "[w]hen a valid and final judgment is rendered in favor of the plaintiff ... the plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment ..." Restatement (Second) of Judgments § 18 (1982). See also *Kulow v. Farmers Royalty Holding Co.*, 144 Tex. 312, 190 S.W.2d 60, 61 (1945) (cause of action reduced to judgment is merged into the decree). If SSFS proceeded to judgment only on the note and not on the mortgage, is the lien extinguished? The general rule is that until the mortgage debt is actually satisfied, the recovery of a judgment on the obligation secured by a mortgage without the foreclosure of the mortgage has no effect upon the mortgage or its lien.[1] 55 Am.Jur.2d Mortgages § 524 (1996). The mortgage does not merge with the judgment and the creditor is not prohibited from foreclosing or exercising the power of sale contained in the mortgage. *Id.* Merely obtaining a judgment against another party—when such judgment remains uncollected—is not a satisfaction nor does it give rise to the bar of election of remedies. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1080–81 (5th Cir.1984). In some jurisdictions, statutes have been enacted which provide that there shall be only one action for the enforcement of a right secured by a mortgage or a lien on property.[2] 55 Am.Jur.2d Mortgages § 519 (1996) (citing *Maxwell v. Ricks*, 294 F. 255 (CCA 9th Cir.1923); *Barbieri v. Ramelli*, 84 Cal. 154, 23 P. 1086 (1890); *Union Guardian Trust Co. v. Rood*, 308 Mich. 168, 13 N.W.2d 248, 151 ALR 732 (1944); *Mickelson v. Anderson*, 81 Utah 444, 19 P.2d 1033 (1933); *Boucofski v. Jacobsen*, 36 Utah 165, 104 P. 117 (1909)). In those jurisdictions, obtaining a judgment solely on the note is held to be a waiver of the right to sue to foreclose the mortgage. Also by statute in some jurisdictions a mortgage cannot be foreclosed when the debt has been reduced to judgment, unless an execution has first been issued and returned unsatisfied. 55 Am. Jur.2d Mortgages § 524 (1996) (citing *Stegeman v. Fraser*, 161 Mich. 35, 125 N.W. 769 (1910); *Cooper v. Bresler*, 9 Mich. 534 (1862)). This Court has searched and has found no statute in Alabama that parallels the statutes of the jurisdictions that deviate from the general rule. In addition, although case law in Alabama on this issue is sparse, at least one court in Alabama has followed the general rule and stated that a mortgagor may foreclose after obtaining a judgment on the note. *Triple J. Cattle, Inc. v. Chambers*, 551 So.2d 280 (1989).[3] There-

---

1. Other jurisdictions which have considered the issue and follow the general rule include Alaska, Delaware, Florida, Georgia, Illinois, and Missouri. *Szego v. Kingsley Anyanwutaku*, 651 A.2d 315 (D.C.1994).

2. For example, California adopted a single action rule precluding a mortgagee from suing a mortgagor on a note and subsequently foreclosing on the collateral. Cal.Code Civ. Proc. § 726(a). New York has a similar statute which requires that a creditor who has received a judgment on a note may not pro-

ceed against the collateral without court order. *Contemporary Mortgage Bankers v. High Peaks Base Camp*, 156 B.R. 890, 894 (N.D.N.Y.1993) (citing N.Y. Real Prop. Acts Law § 1301 (McKinney 1979)). New York courts have interpreted the statute to require a creditor to elect to sue on the note or to foreclose on the property, but not both. *Id.* at 894–95.

3. In the Triple J. Cattle case, the suit on the note was still pending, but was filed two years prior to the foreclosure action. *Id.* at 281.

fore, this Court finds that the judgment does not extinguish the lien on the property.

■ The question then is whether the amount of the debt secured by the property is the judgment amount or the amount allowed under the mortgage agreement. Is the judgment res judicata to the amount of the debt? Under the doctrine of res judicata the nature and amount of the judgment, together with all defenses that could have been raised in the prior litigation, are foreclosed. *Falcon v. Faulkner,* 209 Ill.App.3d 1, 153 Ill.Dec. 728, 736, 567 N.E.2d 686, 694 (4th Dist.1991). A federal court must give the same full faith and credit to a prior state court judgment that it would receive in the courts of the state in which it was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). SSFS proceeded to judgment only on the note. However, the mortgage constitutes a lien in the amount of the debt owed under that note. As to all issues concerning the note, including the amount owed, the judgment is a final determination of those issues and res judicata applies. Although the judgment does not destroy the lien of the mortgage, it judicially determines the amount thereof. *In re Clark,* 738 F.2d 869, 871 (7th Cir.1984) (quoting *Marshall & Ilsley Bank v. Greene,* 227 Wis. 155, 164, 278 N.W. 425, 429 (Wis.1938)). The Alabama case of *Elliott v. Vance,* 239 Ala. 180, 194 So. 515 (1940) held that: The doctrine of election of remedies rests, as has been previously shown, upon the principle that one may not take contrary position and that where he

has a right to choose one of two or more modes of redress, and such modes are no inconsistent that the assertion of one involves a negation or repudiation of the other or others, the deliberate and settled choice of one will preclude him from going back and electing again. Thus, it seems to be well established that where a party, with knowledge of the facts, and in the absence of fraud or imposition once makes an election between inconsistent remedies and the one chosen by him is not a mistaken remedy, his election is final, conclusive and irrevocable and constitutes an absolute bar to any action, suit, or proceeding inconsistent with that asserted by the election. 18 Am.Jur. p. 167 § 51.

■ This rule therefore requires that this Court rule consistent with the state court as to the amount of the debt. SSFS has determined by its actions what that debt is. Once obligations are reduced to judgment, the only postjudgment enhancement permitted on that judgment is interest accruing at the lawful rate. See *In re Stendardo,* 991 F.2d 1089, 1095 (3rd Cir. 1993). The Mitchells are no longer responsible for the contract rate of interest, nor for any other obligations claimed, such as late charges, but only for additional interest at the judgment rate of interest. Therefore, SSFS has a valid lien on the property in the amount of $14,984.64.

■ However, SSFS failed to file a secured proof of claim and did not object to the plan. In their schedules the Mitchells listed the debt to SSFS in the amount of the judgment as an unsecured, nonpriority claim. The bar date has passed and

---

The Court found that although in other cases separate actions may be appropriate, the mortgagee in the Triple J. Cattle case would suffer an irreparable injury if the foreclosure was allowed to proceed before the amount of the debt had been determined under the prior suit. *Id.* at 282. Without the first suit being

reduced to a final judgment, the mortgagee could not determine the amount necessary to redeem the property. *Id.* Therefore, the Court affirmed the Circuit Court's decision to enjoin the foreclosure conditioned on the mortgagee posting a bond. *Id.* at 283.

the Mitchells' confirmed plan does not list SSFS as a secured creditor or propose to make any direct payment to SSFS. Plan confirmation orders bind debtors, creditors, trustees and other parties in interest. 11 U.S.C. § 1327(a). "An order confirming a chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing." *Anaheim Savings and Loan Assoc. v. Evans (In re Evans)*, 30 B.R. 530, 531 (9th Cir. BAP 1983) (cite omitted); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.), cert. denied sub nom. *Wallis v. Justice Oaks II, Ltd.*, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). The binding effect of a confirmation order precludes relief from the stay on grounds of lack of adequate protection absent a default in carrying out the plan. *Anaheim Savings and Loan Assoc.* at 531; *Green Tree Financial Corp. v. Garrett (Matter of Garrett)*, 185 B.R. 620, 623 (Bankr. N.D.Ala.1995) (confirmation order precludes relief from stay based upon facts occurring preconfirmation). Under the plan SSFS will not receive a full distribution from the estate since the Mitchells' plan proposes to pay unsecured, nonpriority claims 1% pro rata. This may mean forfeiting any right to a deficiency, but it does not waive the lien. *In re Harpole*, 260 B.R. 165 (Bankr.D.Mont.2001) (citing *In re Junes*, 99 B.R. 978, 981 (9th Cir. BAP 1989)).[4]

THEREFORE, IT IS ORDERED AND ADJUDGED the motion of Sixty St. Francis Street, Inc. for relief from stay is DENIED.

---

[4]. When the Mitchells emerge from bankruptcy their personal debt to SSFS will be discharged, but SSFS will still have a lien on the property to the extent the debt has not been satisfied. The Mitchells may want to consider the drawbacks of foregoing payments to SSFS now and facing a foreclosure of the property upon emerging from bankruptcy.