*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHELDON GONTE,

                Plaintiff-Appellee,

v

BRIAN BENDEROFF,

                Defendant-Appellant.

UNPUBLISHED
May 19, 2026
2:16 PM

Nos. 369890; 372024
Oakland Circuit Court
LC No. 2016-156143-CK

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

In Docket No. 369890 of these consolidated appeals, defendant appeals by leave granted the trial court's order granting plaintiff's motion for reconsideration in part.[1] In Docket No. 372024, defendant appeals by leave granted the trial court's order denying his objections to two garnishments.[2] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a series of loans and resulting promissory notes plaintiff made to defendant, as well as William Gonte[3] and attorney Robert Gross (the debtors). The separate, individual loans were ultimately compiled into a single document indicating that the total amount due, excluding interest or penalties for missed deadlines, was $2,650,000.[4] After the debtors

---

[1] *Gonte v Benderoff*, unpublished order of the Court of Appeals, entered October 7, 2024 (Docket No. 369890).

[2] *Gonte v Benderoff*, unpublished order of the Court of Appeals, entered October 7, 2024 (Docket No. 372024).

[3] William is plaintiff's brother.

[4] This document was executed by defendant and William, but Gross also agreed to be responsible for a specific $200,000 outstanding balance if defendant and William did not pay it on time.

defaulted, plaintiff filed suit against defendant alone for breach of contract.[5]  The lawsuit ultimately resulted in a consent judgment between plaintiff and defendant, which stated:

> Plaintiff Sheldon Gonte and Defendant Brian Benderoff having stipulated to entry of this Judgment, and the Court otherwise being fully advised in the premises:
>
> IT IS HEREBY ORDERED THAT judgment is issued in favor of Sheldon Gonte and against Brian Benderoff in the amount of $2,650,000.00.
>
> ENTRY OF THIS ORDER RESOLVES ALL CLAIMS BETWEEN ALL PARTIES AND CLOSES THE CASE.

After the consent judgment was entered, plaintiff served writs of garnishment on the Department of Homeland Security and the United States Attorney for $2,500,000 the federal authorities had seized from defendant.  Plaintiff served an additional writ of garnishment on the Michigan Department of Treasury seeking to intercept defendant's tax refunds or credits.  Defendant objected to the garnishments, arguing that the common-law rule of setoff among jointly liable parties meant he was entitled to reductions in the amount owed under the consent judgment.  Specifically, defendant sought setoffs for (1) life insurance proceeds plaintiff received as part of a lien he had in the underlying promissory notes; (2) a payment plaintiff received from Gross's malpractice insurance carrier for a related malpractice claim; (3) criminal restitution payments plaintiff received from Gross; (4) payments plaintiff received from William on the underlying promissory notes for the loans; and (5) payments plaintiff received from defendant.

The trial court ultimately ruled that only the criminal restitution payments could be offset against the amount defendant owed under the consent judgment.  Defendant now appeals.

## II.  STANDARD OF REVIEW

We review a trial court's decision whether to quash a writ of garnishment for an abuse of discretion. *Sys Soft Technologies, LLC v Artemis Technologies, Inc*, 301 Mich App 642, 650; 837 NW2d 449 (2013).  "An abuse of discretion occurs when a trial court's decision is not within the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).  "A trial court necessarily abuses its discretion when it makes an error of law." *Danhoff v Fahim*, 513 Mich 427, 442; 15 NW3d 262 (2024) (quotation marks and citation omitted).  Finally, we review the proper interpretation of a contract de novo. *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 664; 770 NW2d 902 (2009).

---

[5] Plaintiff contends he did not sue William because William had no money.

## III. ANALYSIS

Defendant argues that the trial court erred by failing to apply the above-noted payments (aside from the criminal restitution payments) as setoffs to the amount he owes under the consent judgment. We disagree.

"A consent judgment is treated as a contract and is interpreted as such." *Brendel v Morris*, 345 Mich App 138, 146; 4 NW3d 776 (2023). "We interpret contracts according to their plain language and enforce them as written." *Id*. Courts may not "read words into the plain language of a contract." *Northline Excavating, Inc v Livingston Co*, 302 Mich App 621, 628; 839 NW2d 693 (2013).

On appeal, defendant focuses on the reasoning underlying the setoff rule that "a plaintiff is entitled to only one recovery for his injury." *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245, 250; 660 NW2d 344 (2003). But this rule concerns tort actions against joint tortfeasors, not breach-of-contract actions. See *id*. The causes of actions are distinct; "a 'tort' is an act that has long been understood as a civil wrong that arises from the breach of a legal duty other than the breach of a contractual duty." *In re Bradley Estate*, 494 Mich 367, 381; 835 NW2d 545 (2013). The causes of action are different, so to are the purposes of their respective remedies:

> Contract law protects the expectation interest. It seeks to place the plaintiff in the position he would have been in if the defendant had not broken the contract. Tort law has as its gravamen the restoring of the plaintiff to the position he had been in before the defendant's wrongful conduct injured him. The details and ramifications of the two sets of laws were developed in the light of the primary purpose of each. [*Neibarger v Universal Coops, Inc*, 439 Mich 512, 521 n 18; 486 NW2d 612 (1992) (quotation marks and citation omitted).]

Our Supreme Court has expressed "reluctance to extend tort remedies to cases pleaded and proven in contract," particularly in situations where such an extension would be "in direct conflict with the fundamental precept that the remedy for breach of contract focuses on making the nonbreaching party whole." *Corl v Huron Castings, Inc*, 450 Mich 620, 628-629; 544 NW2d 278 (1996). Such as is the case here.

Even if we were to consider the underlying purpose of the common-law setoff rule, there are different "injuries" (that is, different breaches) in this case. It is true that plaintiff has the right to recover against William pursuant to the underlying breached promissory notes because William was not a party to this lawsuit and did not enter into the consent judgment. But defendant's obligations, although initially arising under the same promissory notes, were merged into the consent judgment. Defendant's obligations under the promissory notes were extinguished when the consent judgment was entered. See *Union Guard Trust Co v Rood*, 308 Mich 168, 172; 13 NW2d 248 (1944) ("When the cause of action is reduced to judgment, it is said to merge into the judgment, and it can never again form the basis of a suit between the same parties. It is drowned in the judgment, and must henceforth be regarded as functus officio.") (quotation marks and citation omitted); *Northern Ohio Bank v Ket Assoc, Inc*, 74 Mich App 286, 289; 253 NW2d 734 (1977) ("A judgment entered by a court of competent jurisdiction is not subject to collateral attack

against the underlying obligation.  The underlying obligation has been extinguished and replaced by the judgment.") (citations omitted).

Once entered, defendant's obligations under the promissory notes were extinguished and replaced with his obligations under the consent judgment.  Thus, plaintiff's "injury" with respect to defendant under the consent judgment is distinct from his "injury" with respect to William under the promissory notes.  Plaintiff has the right to be made whole under the promissory notes by William, and a distinct right to be made whole under the consent judgment by defendant; accordingly, applying the common-law rule of setoff would undermine plaintiff's rights under the consent judgment.  *Corl*, 450 Mich at 628-629.

Because the common-law rule of setoff is inapplicable in this case, defendant must "demonstrate that the language of the consent judgment entitles [him] to an offset[.]"  *IGCFCO III, LLC v One Way Loans, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366535); slip op at 8.  The consent judgment has no such language, so defendant is not entitled to any setoffs.[6]

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense

---

[6] We recognize that, under the plain language of the consent judgment, the trial court's award of setoffs from Gross's criminal restitution payments was erroneous.  But plaintiff does not challenge this award on appeal.