TORBERT, Chief Justice.
This case arises as the result of the amendment of a summary judgment in favor of Central Bank of the South (“Bank”) and against Jane P. Jones, principal, and J.A. Moseley, surety. The amendment was made more than 30 days after the judgment was granted. In addition, the summary judgment originally allowed recovery on the breach of contract count in the complaint, while the amendment allowed execution on a bond entered into by Jones and Moseley as principal and surety.
The first count in the Bank’s complaint of November 2, 1982, was for breach of contract for failure to pay a simple interest note. The relief requested was judgment in the amount of the principal, interest, attorney’s fees, and costs. The second count was a detinue count arising from the security agreement, and the relief requested was the recovery of the inventory and the accounts receivable of Jones Office Supply Company or, in the alternative, the value in damages for the detention.
The Bank moved for a writ of seizure pursuant to Rule 64(b), Alabama Rules of Civil Procedure, and the motion was granted on November 2, 1982, the same day the motion was made. Rule 64(b) sets forth the procedure for pre-judgment seizure when the action is for the recovery or possession of specific personal property, as when the action is for detinue. The court ordered the sheriff to seize the specific property sued for unless certain conditions were met:
“Unless the Defendants give bond payable to the Plaintiff with sufficient surety and double the value of the property within five (5) days after levy or seizure with the condition that if the Defendants are cast in suit he will, within thirty (30) days thereafter, deliver the property to the Plaintiff and pay all costs and damages which may accrue from the detention thereof, and the property sued for must be delivered to Plaintiff on his giving bond with sufficient surety, double the value of the property, payable to the Defendants, with the condition to deliver the property to the Defendants within thirty (30) days after judgment in such case he shall fail in the suit and to pay all damages for the detention of the property and cost of suit. If Plaintiff fails to give such bond within five (5) days after the expiration of the time allowed after notice is given, the property must be returned to the Defendants.”
This is the standard replevy bond required of a defendant in a detinue action. Jones did not file the bond as required by the November 2, 1982, order.
On November 19, 1982, Jones made a motion to dissolve the writ of seizure. The trial judge denied Jones’s motion but ordered that the seized property could be returned to Jones upon the filing of a bond with sufficient sureties:
*934 “ORDERED FURTHER that the seized property may be returned to the possession of the Defendants upon the filing by Defendants of a bond, with sufficient sureties thereon, with the Clerk of this court in the sum of $28,000.00, said bond to be conditioned upon the payment of all damages, interest, attorneys fees and costs which the Plaintiff may recover upon the final hearing of this matter and,
“ORDERED FURTHER that the return of the seized property to the possession of the Defendants be further conditioned upon the continued payment by the Defendants of the monthly installment payments to the Plaintiff, Central Bank of the South, as the same become due, on the promissory note dated September 29, 1980.”
While this is not standard replevy bond language,[1] this bond is still in the nature of a replevy bond since it is in response to the motion to dissolve the pre-judgment writ of seizure (relating to the detinue count) and since, presumably, the Defendants would still be obligated to return the property should they fail to pay the monthly installments on the note.
On November 24, 1982, Jones and Moseley filed a replevy bond, signing as principal and surety respectively:
“Know All Men by These Presents, That we, Jane P. Jones, as principal, and J.A. Moseley, as suret[y], are held and firmly bound unto the Plaintiff in the sum of $28,000.00 dollars to be paid to the said Plaintiff, its administrators or assigns; for which payment, well and truly to be made, we bind ourselves, and each of us, our and each of our heirs, executors and administrators, jointly and severally and firmly, by these presents. Sealed with our seals, and dated the 24th day of November, 1982.
“The condition of the above obligation is such, that whereas the above bound Plaintiff [sic], on the day of the date hereof hath obtained at the suit of Plaintiff v. Defendant, a summons and complaint for the recovery of secured property in specie against said defendants and asks an endorsement by the Clerk of this Court ‘That the Sheriff is required to take the property mentioned in said complaint into his possession/ as required by law in such cases, which summons and complaint are returnable to the next term of Circuit Court of Houston for said county, and which said endorsement is made upon the- plaintiff [sic] entering into this bond.
“Now, if the said Defendant shall fail in this suit, and shall pay the Plaintiff all such costs and damages as she [sic] may sustain by reason of the wrongful complaint in said case, then this obligation to be void, otherwise to remain in full force and effect.”
The bond filed by Jones and Moseley bound them in the amount of $28,000, as required by the court’s order of November 19, 1982. In addition, the bond was recognized as a means for in recovering in specie the secured property which was the subject of the Bank’s complaint. The bond was approved by the trial judge in the form set out above. The bond, thus, appears to be a replevy bond.
On January 4, 1983, the Bank moved for summary judgment for relief on Count 1. On January 3, 1984, summary judgment was granted in favor of the Bank. On February 10,1984, the Bank asked the trial judge to amend the order of January 3, 1984, to direct the sheriff to levy execution upon the bond of Jones and Moseley. The trial judge granted the motion on March 20, 1984, ordering the sheriff to “proceed with his execution against said Defendant and her surety on the bond.”
The major issue is whether the trial court was correct in directing the sheriff to execute on the bond when there was no judgment against Jones and Moseley on the detinue count. We hold that the trial court erred. The Bank argues that the only obligation under the bond is the payment of a money judgment, regardless of whether *935 the judgment is under the contract count or the detinue count. We disagree.
The writ of seizure and the replevy bond both related to the detinue count. The Bank elected to recover its money judgment on the contract count rather than to attempt to recover a judgment on the detinue count. One cannot satisfy a money judgment by executing on a replevy bond that was filed in response to a detinue count. Not only did the Bank fail to obtain a judgment on the detinue count, but it also failed to prove the alternative value of such property as required by Code 1975, § 6-6-256. Heathcock v. Hadley, 398 So.2d 715 (Ala.Civ.App.1981).
The attorney for Jones and Moseley argues that the reason for this suit is simply as follows:
“As a matter of fact, the Bank has been entitled to levy execution against the inventory of the defendant Jones Office Supply Co., Inc., ever since it obtained its money judgment on January 3, 1984, up to this date, such inventory still being in the possession of defendant Jane P. Jones. Instead, it has elected to attempt to force Moseley, as surety on the re-plevy bond, to pay the money judgment in full. This, it does not have a legal right to do under the facts and law in this case.”
The replevy bond surety is liable only to the extent of the alternate value as contained in the detinue judgment and for unpaid damages assessed for wrongful detention and cost; however, the surety is liable for the alternate value as contained in the judgment only if the unsuccessful party fails to turn over the property or if the sheriff cannot seize the property. Code 1975, § 6-6-261; Hairston, Detinue, Executions and Mechanics’ Liens: The Law in Alabama, § 5-4(b) (1980). In order for the bank to recover on the instant bond from Moseley, it is necessary that the bank obtain a judgment on the detinue count.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.

. We cannot ascertain from the record whether $28,000 is double the value of the property.