PER CURIAM:
 

 The standing Chapter 13 trustee brings this appeal from a judgment of the district court affirming the bankruptcy court’s order granting summary judgment and removal of the automatic stay in favor of General Finance Corporation (“GFC”), a secured creditor. The trustee raises several substantive issues concerning whether the bankruptcy court should have ordered the turnover of property included in the debt- or’s estate pursuant to the procedures embodied in 11 U.S.C. §§ 542 and 543. Because we find, however, that this controversy is now moot, we must dismiss the appeal.
 

 I. PROCEDURAL HISTORY
 

 The property involved in this case is a 1981 Ford automobile, which was purchased by the debtor, Monika Kahihikolo, on August 31, 1984. On July 30, 1985, GFC repossessed the vehicle under the terms of the security agreement and pursuant to the Georgia Uniform Commercial Code, O.C.G.A. § 11-9-503 (1982). GFC then mailed to the debtor the notice of repossession and sale required under O.C. G.A. § 11-9-504(3) (1982).
 

 On August 8, 1985, and prior to the disposition of the automobile by GFC, the debtor filed a Chapter 13 bankruptcy petition. This petition disclosed her ownership of the car and the existence of the debt to GFC, and it proposed a plan which would eventually have paid GFC’s debt in full. The bankruptcy court subsequently confirmed that plan, and the appellant trustee then filed this turnover proceeding to require GFC to relinquish possession of the vehicle. After the parties filed cross-motions for summary judgment, the bankruptcy court entered an order on November 14, 1985, granting GFC’s motion for summary judgment, denying the trustee’s motion, and relieving GFC from the automatic stay as to the automobile involved in this litigation.
 

 The trustee appealed to the district court, and on February 6,1986, that court entered an order affirming the judgment of the bankruptcy court. The trustee then filed a timely appeal to this court. During this appeals process, the trustee made no motion to the bankruptcy court under either Fed.Bankr.R. 7062 or 8005 for a stay of judgment pending appeal or for approval of a supersedeas bond, or to the district court under Fed.Bankr.R. 8017 for a stay pending appeal to the court of appeals. Subsequent to the November 14, 1985, order , of the bankruptcy court dissolving the automatic stay as to GFC, the secured creditor sold the automobile to the highest bidder and applied the proceeds to the debtor’s account.
 

 II. DISCUSSION
 

 GFC asserts that this controversy is now moot because it sold the vehicle in question after the bankruptcy court lifted the automatic stay and the trustee did not move to stay that judgment pending appeal. The bankruptcy rules contain several provisions relating to the stay of a judgment pending appeal to a higher tribunal. In an adversary proceeding where the bankruptcy court grants relief from an automatic stay under 11 U.S.C. § 362, Fed.Bankr.R. 7062 makes applicable the rules and consequences contained in Fed.R.Civ.P. 62(c) and (d) regarding orders and actions for injunctions. Subsection (c) allows the court in its discretion to “suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.” Subsection (d) allows the appellant to obtain a stay pending appeal by giving a supersedeas bond.
 

 Fed.Bankr.R. 8005 provides that notwithstanding Rule 7062, the bankruptcy court “may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order
 
 *1542
 
 during the pendency of an appeal on such terms as will protect the rights of all parties in interest.” Although the rule states that a motion for relief pending appeal ordinarily must be made in the first instance in the bankruptcy court, Rule 8005 allows for such a motion to be made to the district court upon a showing of why the relief was not obtained from the bankruptcy court. Finally, Fed.Bankr.R. 8017(b) allows a party to move the district court to stay its judgment pending an appeal to the court of appeals.
 

 This court has repeatedly held that where a debtor fails to obtain a stay pending appeal of an adverse bankruptcy court order and the creditor subsequently conducts a foreclosure sale, the court of appeals is powerless to grant relief, and the appeal must be dismissed as moot. In
 
 American Grain Association v. Lee-Vac, Ltd.,
 
 630 F.2d 245 (5th Cir.1980), the predecessor to this court stated:
 

 Although as a general rule a party need not seek a stay of a lower court’s judgment in order to protect its right to appeal, the “consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final_” 9 J. Moore,
 
 Federal Practice
 
 ¶ 208.03, at 8-9 (2d ed. 1979). Thus, in the absence of a stay, action of a character which cannot be reversed by the court of appeals may be taken in reliance on the lower court’s decree. As a result, the court of appeals may become powerless to grant the relief requested by the appellant. Under such circumstances the appeal will be dismissed as moot.
 
 Moore, id.
 
 at 8-10.
 

 630 F.2d at 247. This court followed the
 
 American Grain
 
 rationale in
 
 In re Sewanee Land, Coal & Cattle, Inc.,
 
 735 F.2d 1294 (11th Cir.1984). There we held that the failure of a bankruptcy debtor to obtain a stay pending appeal from a district court order affirming a bankruptcy court decision to lift the automatic stay, which permitted the creditor to dispose of the property at a foreclosure sale, left the court of appeals powerless to grant relief. Thus, the court was required to dismiss the appeal as moot.
 

 Similarly, in
 
 Markstein v. Massey Associates, Ltd.,
 
 763 F.2d 1325, 1327 (11th Cir. 1985), the court held that “[w]hen the bankruptcy court sets aside an automatic stay pursuant to [11 U.S.C. §] 362(d), and the debtor fails to obtain a stay pending appeal with the result that the property is sold to a creditor at foreclosure, a court is powerless to rescind the sale on appeal.”
 
 Id.
 
 (citations omitted). The court opined that such a rule “is intended to provide finality to orders of bankruptcy courts and to protect the integrity of the judicial sale process upon which good faith purchasers rely.
 
 Id.
 
 (citation omitted);
 
 see also Algeran, Inc. v. Advance Ross Corp.,
 
 759 F.2d 1421, 1424 (9th Cir.1985) (rule that failure to obtain stay pending appeal renders issue moot developed from general rule that occurrence of events which prevent appellate court from granting effective relief renders appeal moot, and from particular need for finality in orders regarding stays in bankruptcy proceedings). This same rationale has been applied where a bankruptcy debt- or fails to post the bond required by the court as a condition for granting a stay pending appeal.
 
 See In re Matos,
 
 790 F.2d 864, 865 (11th Cir.1986).
 

 In the present case, there is no indication in the record that the trustee made any effort to stay the judgment of the bankruptcy court pursuant to either Fed. Bankr.R. 7062 or 8005. The trustee simply appealed to the district court and did nothing more. Thus, the order of the bankruptcy court lifting the automatic stay became final as to GFC. An order which lifts the automatic stay “returns the parties to the legal relationships that existed before the stay became operative. Whatever non-bankruptcy law governed the transactions and relationships of the parties prior to the application of the Bankruptcy Code is the law which controls the conduct of the parties once the stay is lifted.”
 
 Matter of Winslow,
 
 39 B.R. 869, 871 (Bankr.N.D.Ga. 1984) (footnote omitted). The applicable non-bankruptcy law governing the relationships of the parties in this case is the
 
 *1543
 
 Georgia Uniform Commercial Code, which provides for the sale of repossessed collateral. There is no evidence or allegation that GFC did not comply with the provisions of the UCC in disposing of the collateral. Thus, in disposing of the automobile, GFC merely did what the governing state law allowed it to do in the absence of a stay order imposed by the bankruptcy court.
 

 Because of the trustee’s inaction, GFC was entitled to treat the judgment of the bankruptcy court relieving it from the automatic stay as a final order, and it was entitled to take action in reliance upon that order.
 
 See In re Sewanee Land, and Cattle Co., Inc.,
 
 735 F.2d at 1295. Thus, as a result of the foreclosure sale this court is powerless to grant the turnover relief requested by appellant. The appeal is DISMISSED AS MOOT.