In re Charles J. DAHDAH and Ruth Dahdah, Debtors,

In re Charles DAHDAH and Ruth Dahdah, Appellants–Defendants.

No. 88–2380–Civ.

United States District Court, S.D. Florida.

June 20, 1989.

William M. Manker, Miami, Fla., Hugh F. Quinn, Coral Gables, Fla., for debtors/appellants.

Neil J. Berman, Miami, Fla., Martin Yelen, Coral Gables, Fla., Jerry Markowitz, Frances L. Carter, David D. Bird, Robert L. Roth, Miami, Fla., for creditors.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Appellees' motions to dismiss this appeal as moot.

### BACKGROUND

The Debtors/Appellants ("the Dahdahs") filed voluntary Chapter 11 proceedings in the bankruptcy court. This appeal arises from the bankruptcy court's appointment of the Chapter 11 trustee.

The Dahdahs and Appellees ("the Ricciardellis") each owned a fifty percent interest in a partnership that was formed with the purpose of developing a shopping center. The shopping center was owned as a partnership asset. The bankruptcy court

ordered the Assistant United States Trustee ("the AUST") to select an appraiser to value the shopping center, with the understanding that the Ricciardellis and the Dahdahs would then meet and agree to a price at which the Ricciardellis could buy the Dahdahs' partnership interest. The parties were unable to work out their differences and to agree upon a buyout price. The bankruptcy court subsequently appointed a Chapter 11 trustee, The Roth Trustee Corporation ("the Trustee"), to negotiate and carry out the sale of the partnership interest.

On August 18, 1988, the bankruptcy court granted the Trustee's motion for authorization to sell the Dahdah's partnership interest to the Ricciardellis. The Dahdahs never obtained a stay of that order, or of the sale, which was subsequently consummated.

The Dahdahs appealed the order authorizing the sale of the partnership interest to the Ricciardellis (No. 88–2379–CIV–SCOTT). After the Dahdahs failed to file an appellate brief in that appeal, the Ricciardellis moved to dismiss. The Dahdahs then filed a Notice of Dismissal, and Judge Scott dismissed the appeal, *with prejudice*, on February 8, 1989.

The bankruptcy court's order appointing the trustee provided that the Dahdahs could propose a plan of reorganization; however, the Dahdahs failed to do so. The bankruptcy court subsequently confirmed a plan of reorganization proposed by First American Bank and Trust ("FABT") that provided for the disposition of the remaining assets of the estate. The Dahdahs' appeal of the bankruptcy court's confirmation order was dismissed for failure to file a timely designation of record and statement of issues on appeal, and that plan has been substantially consummated.

The estate's only significant asset remaining after the partnership interest buyout was an office building owned solely by the Dahdahs, on which FABT held a first mortgage. Under the plan, all remaining assets of the estate, except the office building, were to be transferred to a liquidating trust under the administration of Robert L. Roth, as liquidating trustee ("the Liquidating Trustee").[1] FABT was to buy the office building, along with the estate's usury claims against FABT, in exchange for a release of its mortgage and a waiver of claims for any deficiency in its security therein. The Liquidating Trustee executed a Quit–Claim Deed for the office building on March 31, 1989.[2] The other assets were transferred from the estate to the Liquidating Trust, and the Liquidating Trustee has begun liquidating the remaining assets of the estate.

The two most significant assets of the estate, the interest in the shopping center and the office building, have been transferred out of the estate, to the Ricciardellis and to FABT, respectively. All of the remaining estate property has vested·in the Liquidating Trustee.

DISCUSSION

The Dahdahs are appealing the bankruptcy court's appointment of the Chapter 11 Trustee. Defendants first argue that the Chapter 11 Trustee's duties have been fully performed and thus, because no "estate" exists any longer for the Chapter 11 Trustee to administer, this appeal is one for which no meaningful relief may be granted. Second, Defendants argue that the appeal does not seek relief from the Chapter 11 Trustee's appointment, but rather is an attempt to revive the Dahdah's appeal of the bankruptcy court's order authorizing the sale of the Dahdah's partnership interest, which was previously dismissed with prejudice by Judge Scott. Third, Defendants allege that any attempt by the Dah-

1. The Chapter 11 Trustee that was appointed to effect the sale of the partnership property is the Roth Trustee Corporation, although Robert L. Roth was the original Chapter 11 trustee. Robert L. Roth is now the Liquidating Trustee under the FABT plan. The Chapter 11 Trustee and the Liquidating Trustee are two separate legal persons. This appeal is only from the order appointing the Roth Trustee Corporation as the Chapter 11 Trustee.

2. The Dahdahs argue that the "sale" of the office building is not complete as alleged by the Ricciardellis in their Motion to Dismiss because it is due to be sold at public sale on June 22, 1989.

dahs to challenge the sale is moot because they failed to obtain a stay prior to the consummation of the sale.

*The partnership interest sale*

The sole purpose in appointing the Chapter 11 Trustee was to permit the Chapter 11 Trustee to negotiate and effect the sale of the Dahdah's partnership interest to the Ricciardellis. The Dahdahs argue that the Ricciardellis were not "good faith purchasers for value" and that the Dahdahs should be able to litigate this issue in the bankruptcy court before the sale is final. The Dahdahs assert that the fact that their earlier appeal of the sale was voluntarily dismissed, *with prejudice*, should not prevent them from collaterally raising this issue in the instant appeal. Additionally, the Dahdahs claim that they are entitled to an accounting of partnership property.

■ The Dahdahs are judicially barred from raising any issues on appeal relating to the sale or confirmation order. Both issues were previously raised on appeal and both appeals were dismissed. The Chapter 11 Trustee's duties in arranging that sale have been fully performed. Thus, this appeal of the Order appointing the Chapter 11 Trustee is meaningless because no relief can be provided, nor may the sale be undone by such a collateral attack.

■ A good faith purchaser for value is entitled to act in reliance on a bankruptcy court's approval of a sale unless an objecting party obtains a stay of the order or of the transaction itself. *Hope v. General Finance Corp. of Georgia (In re Kahihikolo)*, 807 F.2d 1540, 1543 (11th Cir.1987). The objecting party's failure to obtain a stay precludes the district court or any other court from considering appellate relief. *Cargill, Inc. v. Charter International Oil Co., (In re The Charter Co.)*, 829 F.2d 1054, 1056 (11th Cir.1987).

■ The Dahdahs now argue that they should be allowed to collaterally attack the sale because the Ricciardellis were not established to be "good faith purchasers for value." This issue is one that goes directly to the propriety of the sale itself and should have been raised either in obtaining a stay of that sale, or in the Dahdahs' appeal of the sale before Judge Scott. By failing to pursue that appeal, the Dahdahs have waived any right that they may have had to pursue that issue now. Further, this issue does not go to the propriety of the appointment of the Chapter 11 Trustee, the issue on appeal before this Court, and is therefore not properly raised in this appeal.

*The accounting*

■ The Dahdahs are also seeking an accounting of partnership property. They claim that they are entitled to such an accounting because the bankruptcy court granted the Dahdahs' Emergency Motion for an Accounting prior to the conveyance of the property. The bankruptcy court's order does not specifically refer to an accounting. Even if it did, the Dahdahs were requesting that the Chapter 11 Trustee *be provided with* an accounting, *not* that the Trustee *provide* such an accounting. At this point, the sale is consummated. The Trustee did not fail in any duty. Therefore, this issue, if appropriate to be raised at all, is not appropriate in this appeal from the Order appointing the Chapter 11 Trustee.

*The sale of the office building*

■ The Dahdahs filed a "Notice of Incorrect Representation" in which they allege that the Ricciardellis, in their Motion to Dismiss, incorrectly state that the sale of the office building to FABT has been completed. The Dahdahs argue that the "sale" of the office building is not complete as alleged by the Ricciardellis in their Motion to Dismiss because it is due to be sold at public sale on June 22, 1989, pursuant to the Final Judgment of Mortgage Foreclosure entered by the state court on May 24, 1989. Therefore, the Dahdahs argue that the bankruptcy estate has not been disposed of and therefore, that this appeal is not moot.

The Dahdahs' arguments are ill-founded. On March 31, 1989, the Liquidating Trustee deeded the office building over to FABT. At that point, neither the estate nor the

Dahdahs had any further interest in the office building. The execution of a quitclaim deed conveys all right and title of the grantor to the grantee. *June Sand Co. v. Devon Corporation,* 23 So.2d 621, 623 (Fla. 1945). The fact that FABT had certain procedures to follow in state court before disposing of the office building, does not mean that the estate or the Dahdahs retained any interest in the property. The quitclaim deed conveyed any and all of the estate's and the Dahdahs' rights and interest in the property to FABT. The sale referred to in the Motion to Dismiss was "completed" as far as the estate and the Dahdahs are concerned, at the time that the Liquidating Trustee executed the quitclaim deed.

Additionally, the Liquidating Trustee, and not the Chapter 11 Trustee, conveyed the property via the quitclaim deed. This appeal is from the Order appointing the Chapter 11 Trustee, and does not involve the Liquidating Trustee. Therefore, this is an improper issue to raise in this appeal, even assuming that this issue had merit.

*The confirmation of the Plan*

■ The Dahdahs also attack the confirmation of the Plan by asserting that the bankruptcy court relied on the existence of the Chapter 11 Trustee in overruling the Dahdahs' objections to the treatment of FABT's claims under the Plan. This attack is a collateral attack on the confirmation of the Plan, and not on the appointment of the Trustee. As discussed above, the Dahdahs are judicially barred from raising any issues on appeal relating to the sale or confirmation order. Both issues were previously raised on appeal and both appeals were dismissed. The sale may not be undone by such a collateral attack and Chapter 11 Trustee's duties in arranging that sale have been fully performed. Again, even if the issue had merit, it should have been raised either in an appeal of the confirmation order, or an appeal of the bankruptcy court's order that failed to provide for such an accounting, although the Motion had requested an accounting.

It must also be mentioned that the parties litigated in the state court the issue of whether FABT charged interest which violated Florida's criminal usury statute. The state court entered final summary judgment against the Dahdahs. The Dahdahs subsequently attempted to assert this issue in the bankruptcy court and the bankruptcy court refused to sit as an appellate court with respect to that final summary judgment. The Dahdahs, in their response to the Ricciardellis' Motion to Dismiss, assert that the primary purpose of this appeal is to enable them to go to trial in the bankruptcy court on their objections to claim against FABT, because FABT charged interest in violation of Florida's criminal usury statute. Again, the Dahdahs are attempting to do something indirectly that they can not do directly.

It is obvious to this Court that the appeal of the Order appointing the Chapter 11 Trustee is an attempt to revive and relitigate issues concerning the confirmation of the Plan, and the sale of the partnership interest. The Dahdahs had the opportunity to pursue those issues directly and failed to do so. They shall not be allowed to pursue those issues indirectly now. The relief that the Dahdahs requested in the instant appeal is relief from the appointment of the Chapter 11 Trustee. No meaningful relief could be granted from the issuance of that order. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motions to Dismiss are GRANTED on the ground that this appeal is moot. This case is hereby DISMISSED, with prejudice.

It is further ORDERED that the Dahdahs' Amended Emergency Motion for Stay Pending Appeal is rendered MOOT.

DONE AND ORDERED.