INGRAM, Presiding Judge.
This case concerns an original petition for a writ of mandamus requesting this court to order the Circuit Court of Mobile County to dissolve a prejudgment attachment. Richard A. Boykin (husband) contends that pursuant to Rule 64 of the Alabama Rules of Civil Procedure, the trial court erred in issuing and continuing a prejudgment attachment of certain of his assets.
The parties divorced in 1978. In April 1990, the wife filed a motion for a prejudgment attachment, contending that pursuant to the divorce decree she was entitled to certain money or funds held in the husband’s name by AmSouth Bank of Mobile. The trial court granted the wife’s motion.
At the outset we note that in mandamus proceedings, we indulge all reasonable presumptions favoring the correctness of the judgment appealed from, and the petitioner must overcome this presumption by satisfactorily countervailing evidence. Segars v. Segars, 333 So.2d 155 (Ala.Civ.App.1976). Furthermore, mandamus is a drastic and extraordinary writ, and in order for this court to issue such a writ, there must be credible allegations, which are ironclad in nature, showing that the trial court is by law bound to do no other than that which is sought to be compelled. Ex parte Evans, 545 So.2d 81 (Ala.Civ.App.1989).
Therefore, we must determine whether, pursuant to Rule 64, the trial court erred as a matter of law in issuing and continuing the prejudgment attachment of the husband’s assets.
Prejudgment attachment of one’s property was a remedy unknown at common law, and is wholly a creation of statute. Kress v. Porter, 132 Ala. 577, 31 So. 377 (1902). The Alabama attachment provisions are found at § 6-6-40 et seq., Ala.Code 1975. These sections specify, among other things, the instances in which attachment may issue, by whom such writs may be issued, and the oath which the plaintiff must make before a writ of attachment may be issued.
In addition to the statutory provisions, we also find that Rule 64 of the Alabama Rules of Civil Procedure is applicable to the issuance of prejudgment attachments. Rule 64(b)(1) provides that the prejudgment attachment may not issue unless the plaintiff files with the court an affidavit on personal knowledge, containing a description of the property, a statement that the plaintiff is entitled to possession of the property, a statement of specific facts that the property is being wrongfully detained by the defendant, and a statement of specific facts in support of the contention that there is risk of concealment, transfer, or other disposition of, or damage to, the property of the plaintiff.
In the case at bar, we note that no affidavit was filed by the wife. The motion for prejudgment attachment, although verified by the wife, was not in the form of an affidavit and did not allege personal knowledge. The wife’s motion contains only assertions, not facts sworn to be true as would be provided by an affidavit.
The difference between an affidavit and a pleading is addressed at 2 C.J.S. Affidavits § 5 (1973): “As a matter of general legal definition, a pleading is not an affidavit.... The two are distinguished in that in a pleading allegations of conclusions of fact may be permissible, whereas an affidavit is but a statement of fact from which judicial conclusions may be drawn.”
In addition to requiring an affidavit, Rule 64(b)(2)(B) gives the defendant, here *1245 the husband, the right to request a hearing concerning the issuance of a prejudgment attachment. The defendant may, within five days after the property is seized, request a hearing on the matter. If the request for a hearing is made, the prejudgment attachment automatically expires on the fifteenth day after the property is attached, unless within that time the court conducts the hearing and orders the attachment continued.
We further note, the prejudgment attachment was issued and the funds levied upon on April 5, 1990. Pursuant to the rule, the husband filed a timely request for a hearing. Therefore, according to Rule 64(b)(2)(B), the attachment was due to automatically expire on April 20, 1990, unless the hearing was held and the order continued prior to that date. However, the court did not dissolve the attachment, but instead continued the attachment without a hearing until April 25, 1990.
The Rule 64 provisions were promulgated to assure that the constitutional guarantees of due process are not violated. See North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Jones v. Preuit & Mauldin, 808 F.2d 1435, modified, 822 F.2d 998 (11th Cir.1987) (Johnson, J., dissenting). Hence, these rules are to be strictly complied with.
In view of the above, we find that the trial court failed to properly comply with Rule 64 in two ways. First, it ordered the issuance of a prejudgment attachment without first requiring an affidavit of the wife. The trial court then continued the prejudgment attachment without first hearing arguments of the parties.
Therefore, we find that pursuant to Rule 64, the prejudgment attachment was improperly issued and improperly continued by the trial court, and the husband is entitled to dissolution of the prejudgment attachment.
We grant the writ of mandamus conditionally. If the Mobile circuit court does not grant the husband’s motion for dissolution of the prejudgment attachment within 14 days from rendition of this decision, this writ shall immediately issue.
WRIT GRANTED CONDITIONALLY.
ROBERTSON and RUSSELL, JJ„ concur.