989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: K. SIMPSON ENTERPRISES, INCORPORATED, Debtor. First
American Bank of Virginia, Plaintiff-Appellee,
Edwin C. Wittig; Springfield Auto Parts Incorporated;
Automotive Parts Distributors, Incorporated; J. K.
Distributors, Incorporated, t/a H & H Automotive Parts;
Sands Distributors, Incorporated, Creditors-Appellants,
v.
K. Simpson Enterprises, Incorporated, Defendant.
 No. 92-1062.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 20, 1992
Decided: March 9, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-1712-A)
 Richard E. Dixon, DIXON, SMITH & STAHL, Fairfax, Virginia, for Appellants.
 Brian F. Kenney, Kevin M. Fitzpatrick, MILES & STOCKBRIDGE, Fairfax, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Edwin C. Wittig and other creditors of K. Simpson Enterprises, Inc., appeal from the district court's order dismissing as moot their appeal of the bankruptcy court's order lifting the automatic stay as to First American Bank of Virginia (First American). We agree with the district court's disposition and consequently affirm its order.
 
 
 2
 In July 1990, a group of creditors filed an involuntary petition in bankruptcy against K. Simpson Enterprises, Inc. ("Simpson"). First American, a creditor of Simpson, filed a motion for relief from the automatic stay in order to proceed against Simpson's inventory, in which First American held a security interest. Wittig and other creditors objected to the motion, arguing that First American's security interest was not properly perfected. The bankruptcy court disagreed and granted First American's motion on May 14, 1991. Although the creditors filed a notice of appeal they did not file a supersedeas bond (under Bankr. R. 7062), nor did they move for a stay pending appeal (under Bankr. R. 8005) to the district court.
 
 
 3
 In September 1991, First American foreclosed its security interest in Simpson's inventory (which it sold to a third party), and released the four guarantors on the original note. The district court granted First American's motion to dismiss the appeal as moot. The other creditors appeal.
 
 
 4
 The sale of Simpson's inventory and the release of the guarantors render this appeal moot. In A & H Holding Corp. v. O'Donnell (In re Abingdon Realty Corp.), 530 F.2d 588 (4th Cir. 1976), this Court affirmed a district court's order dismissing an appeal of a bankruptcy order approving the sale of property of the debtor's estate as moot because the sale had been completed and the appellant had failed to obtain or seek a stay pending appeal: "It is settled law that the filing of a petition to review an order of a bankruptcy judge ... does not stay the effect or operation of the order unless a supersedeas bond is filed or the order itself provides for a stay." A & H Holding Corp., 530 F.2d at 589. See also In re Memorial Estates, Inc., 950 F.2d 1364, 1369 (7th Cir. 1991) (in absence of stay, sale of property to bona fide purchaser by bank during the appeal moots the appeal of the judgment ordering the sale) cert. denied, 60 U.S.L.W. 3841 (U.S. 1992); In re Kahihikolo, 807 F.2d 1540, 1542 (11th Cir. 1987) (where debtor failed to obtain a stay pending appeal of an adverse bankruptcy court order and the creditor conducted a foreclosure sale, the appeal was dismissed as moot).
 
 
 5
 Wittig and the other creditors pursuing this appeal argue that, although the sale has been completed, the Court could still render effective relief by ordering First American to disgorge the proceeds realized from the sale. However, these Appellants overlook the fact that First American, relying on the bankruptcy court's order, released the guarantors on Simpson's note. In the absence of a supersedeas bond or a stay pending appeal, a creditor is entitled to treat an order granting relief from the automatic stay as final and to take action in reliance upon that order. In re Kahihikolo, 807 F.2d at 1543. First American, in reliance upon the bankruptcy court's order, irrevocably altered its position by releasing its guarantors.
 
 
 6
 Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED