In the Matter of Willie H.
GARRETT, Debtor.

GREEN TREE FINANCIAL
CORP., Plaintiff,

v.

Willie H. GARRETT and Harriet
A. Garrett, Defendants.

Bankruptcy No. 95–41288.
Adv. No. 95–40360.

United States Bankruptcy Court,
N.D. Alabama,
Eastern Division.

July 31, 1995.

S. Keith Eady, Talladega, AL, for defendants/debtor.

William Hereford, Birmingham, AL, for plaintiff.

### ORDER ON MOTION FOR PREJUDGMENT WRIT OF SEIZURE

JAMES S. SLEDGE, Bankruptcy Judge.

The Court held a hearing in the above-styled adversary proceeding on June 20, 1995, at Anniston, Alabama, on the plaintiff's motion for prejudgment writ of seizure. Appearing before the Court were the plaintiff, the plaintiff's attorney, the defendant debtor, the defendants' attorney, and the standing trustee.

The Court found that defendant Willie Garret filed a chapter 13 petition on June 27, 1994 and had a plan confirmed on December 20, 1994. Prior to confirmation, on October 25, 1994 the plaintiff filed a motion for relief from the automatic stay provided by 11 U.S.C. § 362. The Court held a hearing on such motion on November 17, 1994 and an order terminating the automatic stay was entered on November 21, 1994. This action was commenced by the plaintiff in state court on April 4, 1995 and was removed from state court by the defendant under Federal Rule of Bankruptcy Procedure 9027 on May 9, 1995. The plaintiff's complaint seeks a judgment against the defendant debtor Willie Garrett and defendant third party Harriet Garrett for possession of the mobile home which secures the debtor and third parties obligation to the plaintiff, or in the alternative damages against Harriet Garrett. Attached with the complaint was a motion for prejudgment writ of seizure of the collateral

under Alabama Rule of Civil Procedure 64. Attached to the motion was an affidavit by a representative of the plaintiff along with exhibits in support of the motion. On June 5, 1995 the plaintiff filed a "motion for expedited hearing on Green Tree's motion for writ of seizure," the subject of this hearing. The Court entered an order on June 27, 1995, which denied the motion for a prejudgment writ of seizure. The plaintiff filed a motion to alter and then withdrew the motion. On reflection, the Court sets aside the order entered on June 27, 1995 and enters this amended order.

■ Federal Rule of Bankruptcy Procedure 7064 governs this hearing. Rule 7064 incorporates Federal Rule of Civil Procedure 64 which provides that all remedies provided for seizure of person or property for the purpose of securing satisfaction of the judgment are available "under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought." Therefore, this Court must apply the law of Alabama regarding prejudgment seizure of property.

The plaintiff's action is based on the law of detinue and governed by § 6–6–250 *et seq.*, Alabama Code (1975). Alabama Rule of Civil Procedure 64(b) sets forth the procedure for prejudgment seizure when the action is for the recovery or possession of specific personal property in an action for detinue. *Jones v. Central Bank of the South,* 466 So.2d 932, 933 (Ala.1985). Alabama Rule of Civil Procedure 64(b)(1) provides that prejudgment seizure "may not issue unless the plaintiff files with the court an affidavit on personal knowledge, containing a description of the property, a statement that the plaintiff is entitled to possession of the property, a statement of specific facts that the property is being wrongfully detained by the defendant, and a statement of specific facts in support of the contention that there is risk of concealment, transfer, or other disposition of, or damage to, the property of the plaintiff." *See Ex parte Boykin,* 568 So.2d 1243, 1244 (Ala.Civ. App.1990) (*Boykin* involved prejudgment attachment under § 6–6–40 *et seq.,* Alabama Code (1975) and not prejudgment seizure

under § 6–6–250 *et seq.,* Alabama Code (1975), as in the case at bar. However, the requirements under Rule 64(b) apply to prejudgment attachment or prejudgment seizure.). Furthermore, the Rule provides that at the hearing on the motion for the writ of seizure that "the plaintiff shall have the burden of showing good cause for the pre-judgment seizure or attachment . . ." Ala.R.Civ.P. 64(b)(2)(C).

■ The Court finds that the plaintiff holds a perfected security interest in a 28 × 70 Ridgedale 1989 Redman mobile home and furniture, fixtures and appliances and that the defendant is in default under the terms of the retail installment contract entered into between the parties. There is an arrearage due of $1,263.00, including principal, interest, late fees and attorney fees. The confirmed plan provides that the trustee shall pay prepetition arrearage and regular monthly payments as due to the plaintiff. The defendant debtor is not in default with regard to the terms of the confirmed plan. The standing trustee has paid all amounts due. The defendants argue that whether the defendant debtor is in default under the contract is of no legal significance since the confirmation order established the debtor-creditor relationship and the confirmation order is binding. Therefore, the defendants argue that there is no default and prejudgment seizure of the collateral is not warranted.

■ The Court finds that the defendant debtor's analysis of the creditor-debtor relationship after a confirmation order has been entered is correct. It is well established that an order confirming a plan binds debtors, creditors, trustees and other parties in interest. 11 U.S.C. § 1327(a). "Under 11 U.S.C. § 1327(a), confirmation binds the debtor and all creditors, determining the rights and liabilities of the parties. The binding effect establishes the rights of the debtor and creditors as being those provided in the plan." *In re Payne,* Case No. 93–12042, p. 2 (Bankr. S.D.Ala. April 4, 1994). "An order confirming a chapter 13 plan is *res judicata* as to all justiciable issues which were or could have been decided at the confirmation hearing." *Anaheim Savings & Loan Association v. Evans (In re Evans),* 30 B.R. 530, 531

(9th Cir. BAP 1983). After a plan is confirmed, the binding effect of the order precludes any of the parties from relief from the automatic stay based upon any facts occurring preconfirmation. *Lawson v. Lackey*, 148 B.R. 626, 627 (Bankr.N.D.Ala.1992) (collecting cases). *See also; Lomas Mortgage USA v. Wiese (In re Wiese)*, 980 F.2d 1279, 1284 (9th Cir.1992); *In re Minzler*, 158 B.R. 720 (Bankr.S.D.Ohio 1993); *Lester Mobile Home Sales, Inc. v. Woods (In re Woods)*, 130 B.R. 204 (W.D.Va.1990). "It is therefore incumbent upon creditors with notice of the chapter 13 case to review the plan and object to the plan if they believe it to be improper; they may ignore the confirmation hearing only at their peril ... [Creditor] may not take action to collect debts which are inconsistent with the method of payment provided for in the plan ... Once the plan is confirmed the only cause for relief from the stay that may be validly asserted is the debtor's material failure to comply with the plan." *In re Payne*, at p. 2 (quoting 5 *Collier on Bankruptcy*, ¶ 1327.01 (15th ed. 1993) (citations omitted)). The rights of the debtor and claimholders whose claims are provided for in the plan are established by a final order on confirmation. *In re Clark*, 172 B.R. 701 (Bankr.S.D.Ga.1994); *In re Wrenn Insurance Agency*, 178 B.R. 792 (Bankr.W.D.Mo. 1995); *Matter of Penrod*, 50 F.3d 459 (7th Cir.1995); *Dupree v. Lomas*, 183 B.R. 270 (Bankr.W.D.Okla.1995).

█ The central legal issue in this hearing is whether an order terminating the automatic stay, entered before the order confirming the plan, provides an exception to the rule that the parties are bound by confirmation. The plaintiff suggests that once an order lifting the stay has been entered, the debtor-creditor relationship is determined by the contract and state law, and the plaintiff directed the Court to *Hope v. General Finance Corporation of Georgia (In re Kahihikolo)*, 807 F.2d 1540 (11th Cir.1987) in support of this proposition. The Court finds no fault with the holding of *Kahihikolo*, however the facts of *Kahihikolo* are distinguishable from the case at bar, and thus the holding is not applicable. In *Kahihikolo* relief from the automatic stay was granted postconfirmation and the appellant appealed the bankruptcy

court's judgment. *Id.*, at 1541. During the pendency of the appeal the appellant did not stay the judgment under Federal Rules of Bankruptcy Procedure 7062 or 8005 and the creditor exercised its state law rights, and sold the vehicle. *Id.*, at 1541–43. The Court found that since the appellant did not take action to stay the effect of the judgment, the sale of the collateral in accordance with state law was proper. *Id.* Therefore, the merits of the appeal were moot. *Id.*

In the case at bar, relief from the stay was granted and subsequently the plan was confirmed. In *Kahihikolo*, the plan was confirmed and then relief from the stay was granted. Apparently, in the case at bar the plaintiff took no action between the order granting relief to collect on the defendants' obligation under state law and the confirmation of the plan. The plaintiff did not raise any objection to the confirmation of the plan. At the confirmation hearing the trustee requested that the plan be confirmed as there were no motions, contests, adversary proceedings, or objections filed against confirmation and the Court confirmed the plan as it complied with 11 U.S.C. § 1325.

█ The preconfirmation lift stay order terminated the automatic stay under 11 U.S.C. § 362(a), but does not change the binding effect of an order of confirmation, or remove a claimholder from the provisions of a confirmed plan, unless the plan expressly preserves the terms of the lift stay order. *See e.g., In re W.B. Simons*, 113 B.R. 942, 949 (Bankr.W.D.Tex.1990). The confirmed plan dictates the rights of the parties. *Id.* It is the binding effect of confirmation "that breathes life into a plan." *Id.* The plaintiff can exercise state law rights, however, the confirmed plan determines such rights and the plaintiff is bound by the terms of the confirmed plan. *Id.* The Court recognizes that *Simons* was a chapter 11 case and thus the case is distinguishable as the effects of confirmation in a chapter 11 case are not the same as in a chapter 13 case. However, the Court adopts the general rules regarding the impact a confirmation order has on a preconfirmation lift stay order which has not been acted upon by the parties under state law.

The confirmation order establishes the rights between the debtor and creditor and supersedes the terms of the contract.

 Default under the terms of the confirmed plan is an ultimate issue to be decided by a trial on the merits. Defendant debtor is current at this time. The only issue the Court must decide is whether the plaintiff has met its burden under Rule 64(b)(2)(C) of the Alabama Rules of Civil Procedure, i.e., good cause for prejudgment seizure. The evidence offered at the hearing by the plaintiff pertained to whether the defendants' were in default under the terms of the contract. The Court makes no finding of whether the defendants are in default under the contract, as such a determination is of no legal significance. The plaintiff attached an affidavit with the motion in support of the motion for prejudgment seizure. The Court finds that the affidavit does not contain "[a] statement of specific facts which show that the property is wrongfully detained by the defendant and a statement of the cause of such detention according to the best knowledge, information and belief of the plaintiff" as required by Rule 64(b)(1)(C) of the Alabama Rules of Civil Procedure. The affidavit simply asserts that the defendant debtor is in default under the terms of the contract. There are no specific factual assertions of wrongful detention in the affidavit, and therefore, the affidavit is not in compliance with Rule 64(b)(1)(C).

 The Court finds that the evidence offered at the hearing and the affidavit filed do not satisfy the plaintiff's burden under Rule 64(b)(2)(C) of the Alabama Rules of Civil Procedure, i.e., good cause for prejudgment seizure complied. Implicit in "good cause for prejudgment seizure" would be some showing of risk of injury or loss of the collateral without a prejudgment seizure. No evidence indicating such a risk has been offered to the Court. The Rule 64 provisions were promulgated to "assure that the constitutional guarantees of due process are not violated ... (citations omitted) ... [and therefore] these rules are to be strictly complied with." *Boykin*, 568 So.2d at 1245. Protection of these constitutional guarantees are particularly important when the property

to be seized is the home of a person, as in the case at bar. The plaintiff has not complied with the express requirements of Rule 64 of the Alabama Rules of Civil Procedure and § 6–6–250 *et seq.*, Alabama Code (1975), and therefore the Court must deny the prejudgment writ of seizure.

Therefore, based on the above findings of fact and conclusions of law, as well as those read into the record, and for other good cause found, it is hereby ORDERED, that the plaintiffs motion for a prejudgment writ of seizure is hereby DENIED.