**In re:  Michael S. SULLIVAN, Debtor.**

**No. 3:03–BK–6850–JAF.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 14, 2005.

John G Bianco, III, Kass Shuler Solomon, Spector Foyle, Tampa, FL, H. Tucker Dewey, Memphis, TN for Daimler-Chrysler Co.

Jeffrey C Hakanson, Gibbons Cohn Neuman Bello Segall & Allen, Tampa, FL, Christine L Herendeen, Echevarria & Associates PA, Tampa, FL, Teresa R Stephens, Roswell, GA, for Cendant Mortgage.

Timothy M. Goan, Palm Coast, FL for Michael Sullivan

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Motion to Direct Chapter 13 Trustee to Suspend Disbursement of Mortgage Payments to Cendant Mortgage Corporation ("Cendant"). The Court conducted a hearing on the matter and elected to take the matter under advisement. The Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On July 7, 2003 Debtor filed a Chapter 13 bankruptcy petition. On that same day Debtor filed a Chapter 13 plan which provided for monthly payments and the cure of an arrearage to Cendant, Debtor's mortgagee, over the life of the plan. On December 22, 2003 Debtor filed an amended Chapter 13 plan which also provided for payments to Cendant.

On January 14, 2004 Cendant filed Motion for Relief from Automatic Stay or in the alternative Motion for Adequate Protection Payments. On February 23, 2004 the Court conducted a hearing on the Motion for Relief. Neither Debtor nor Debtor's counsel appeared at the hearing. Counsel for Cendant appeared at the hearing and informed the Court that Debtor had consented to relief from the stay. The Court orally granted relief from the stay. On February 24, 2004 Debtor filed consent to relief from the stay. On March 3, 2004 the Court entered Order Granting Cendant Mortgage Corporation's Motion for Relief from Automatic Stay (the "Order Lifting Stay").

On March 9, 2004 the Court conducted a confirmation hearing. Cendant did not appear to object to confirmation of Debtor's Amended Chapter 13 plan. The Court orally confirmed the Amended Plan. On April 9, 2004 the Court entered Order Confirming Chapter 13 Plan (the "Confirmation Order"). Cendant did not file an appeal of the Confirmation Order. Instead, on October 15, 2004 Cendant filed the motion which is now before the Court. The Court conducted a hearing on the matter on November 17, 2004.

### CONCLUSIONS OF LAW

Cendant points out that the Chapter 13 trustee continues to disburse the regular monthly mortgage payment as well as the mortgage arrearage provided for by the Amended Chapter 13 plan despite the entry of the Order Lifting Stay. Cendant requests that the Court enter an order

directing the Chapter 13 trustee to suspend the distribution of the mortgage payments to Cendant. Debtor asserts that he intended to consent to adequate protection instead of relief from the automatic stay. Debtor contends that Cendant is bound by the Confirmation Order despite the entry of the Order Lifting Stay.

■ The binding effect of confirmation of a Chapter 13 plan is a basic tenet of bankruptcy law. Section 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The issue before the Court is whether a confirmation order which provides for payments to a creditor is binding upon that creditor notwithstanding the fact that the creditor obtained relief from the automatic stay prior to confirmation of the plan.

The court in *Green Tree Financial Corp. v. Garrett (In re Garrett)*, 185 B.R. 620 (Bankr.N.D.Ala.1995) addressed the same issue. In that case a secured creditor obtained relief from the automatic stay prior to the confirmation of the debtors' Chapter 13 plan. The secured creditor did not object to confirmation of the debtors' plan, which provided for payment of the pre-petition arrearage and regular monthly payments on the secured debt. The court confirmed the plan. Thereafter, the secured creditor sought in state court to obtain possession of the collateral. The case was removed to the bankruptcy court.

The court framed the issue as whether an order lifting the automatic stay which was entered before the confirmation of a Chapter 13 plan is an exception to the rule that parties are bound by confirmation. The court noted that "[t]he pre-confirmation lift stay order terminated the automatic stay under 11 U.S.C. § 362(a), but

does not change the binding effect of an order of confirmation, or remove a claimholder from the provisions of a confirmed plan, unless the plan expressly preserves the terms of the lift stay order." *Id.* at 623. The court held that the creditor was bound by the terms of the confirmed plan. *Id.*

■ The Court agrees with the holding in *Garrett.* A confirmation order which provides for payments to a creditor is binding upon that creditor notwithstanding the fact that the creditor obtained relief from the automatic stay prior to confirmation of the plan. In the instant case, although Cendant obtained relief from the automatic stay, it failed to object to or appeal from the Confirmation Order. Accordingly, Cendant is bound by the Confirmation Order. The Court will enter a separate order denying Cendant's Motion to Direct Chapter 13 Trustee to Suspend Disbursement of Mortgage Payments to Cendant Mortgage Corporation.