[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10732

Non-Argument Calendar

_____

In re: SHIRLEY WHITE-LETT,

　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor.

_____

_____

SHIRLEY WHITE-LETT,

　　　　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

*versus*

THE BANK OF NEW YORK MELLON,
JORDAN E. LUBIN,
Chapter 7 Trustee,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03992-WMR

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Shirley White-Lett, proceeding *pro se*, appeals the denial of her motion for an injunction prohibiting the Bank of New York Mellon ("BONYM") from foreclosing on her property pending the completion of her appeals from the bankruptcy court. She argues that, though she did not move the bankruptcy court for such an injunction first, impracticability excuses her from doing so, and she meets the traditional factors for an injunction to issue. After review, we affirm.

## I.    Background

White-Lett originally filed for Chapter 7 bankruptcy in January 2010. In February 2011, she was discharged, and the bankruptcy case was closed in July 2012. Then, in 2020, White-Lett moved to reopen the case to prosecute adversary proceedings against BONYM, its agents, and others to determine whether a mortgage debt that BONYM was attempting to pursue had been

discharged in the original bankruptcy case. White-Lett argued that the mortgage debt had been discharged in the resolution of the original bankruptcy proceeding, and that she had not made any agreement to reaffirm her debt.[1] The bankruptcy court granted the motion and reopened the case.

BONYM then filed a motion for relief from the automatic bankruptcy stay, seeking to foreclose on White-Lett's property. It argued that the automatic stay had terminated when the case was originally closed in 2012, that the later reopening in 2020 did not reinstate the stay, and that the stay would not apply to White-Lett's property anyway because it was no longer property of the estate. But if the court determined that the stay did not terminate in 2012, BONYM asked the court to lift the stay now.

White-Lett objected to BONYM's request, arguing that an appeal in a separate adversarial proceeding against BONYM[2]

---

[1] The instant appeal does not require us to resolve issues related to the discharge of the debt and the validity of BONYM's interest in the property.

[2] White-Lett filed a complaint in a separate adversary proceeding in the bankruptcy court against BONYM and others, seeking to adjudicate the "validity of a lien," to "obtain declaratory and injunctive relief as to the validity and enforceability of a debt and security," to avoid an "unperfected lien," to object to BONYM's $900,000 proof of claim related to White-Lett's mortgage, and to obtain sanctions for violating a discharge injunction. BONYM moved to dismiss, and the bankruptcy court granted the motion in part, dismissing (among other claims) White-Lett's objections to BONYM's proof of claim. The bankruptcy court reasoned that White-Lett lacked standing and her claim was precluded because these issues had previously been litigated unsuccessfully in a state court case. While White-Lett brought different claims in the state court case, the bankruptcy court held that ultimately "she pleads

divested the bankruptcy court of jurisdiction to hear BONYM's motion for relief from the automatic stay. She then requested to stay consideration of BONYM's motion for relief from the automatic stay pending the resolution of the adversary proceeding.[3]

The bankruptcy court gave an oral ruling, in which it granted BONYM's motion for relief from the automatic stay. It held that (1) the appeal in the separate adversarial proceeding did not divest it of jurisdiction; (2) White-Lett received a discharge in 2011 and her original bankruptcy action was closed in 2012; (3) any property held by White-Lett at the time of the closure that was not administered was considered abandoned to her and was no longer part of the bankruptcy estate; and (4) the automatic stay terminated when the proceeding closed in 2012. The bankruptcy court then entered a written order confirming that the automatic stay terminated in 2012 and granting BONYM's motion for relief from the automatic stay "for the reasons stated on the record." White-Lett appealed this order to the district court.

---

the same facts arising out of the same situations and seeks the same relief: to invalidate an assignment she has no legal standing to challenge." White-Lett obtained a certification that the bankruptcy court's ruling was final and immediately appealable, and she appealed to the district court. That appeal remains pending in the district court.

[3] She also supplemented her response to add that BONYM's motion should be denied because she had asserted setoff claims against BONYM that would reduce the amount she owed.

In the district court, White-Lett moved to stay the bankruptcy court's order and to enjoin BONYM from foreclosing on her house pending the resolution of her appeals. Following a hearing on the motion, the district court gave an oral ruling denying the requested injunction because: (1) in a separate state court proceeding, a preliminary injunction already prohibited foreclosure and so there was not a great likelihood of irreparable injury; and (2) White-Lett had a low likelihood of success on the merits because a state court had already ruled that BONYM owned the mortgage. The district court also expressed skepticism that any impracticability excused White-Lett from first asking for an injunction in the bankruptcy court, as required by the bankruptcy rules.[4] White-Lett appealed.[5]

---

[4] While not the primary basis for denying White-Lett's motion, the district court stated at the hearing that "there are a lot of other independent grounds for maybe why I shouldn't grant an injunction, like, you didn't go to the bankruptcy court to start with and you really have no argument why you didn't . . . ."

[5] On appeal, White-Lett moved to expedite. She argued that because the state court had recently dissolved its injunction, it was necessary to expedite her appeal to prevent her case from being mooted by BONYM foreclosing on her property. BONYM did not object to an expedited decision. An appeal "may be expedited only by the court upon motion and for good cause shown." 11th Cir. Rule 27-1 I.O.P. 3. Good cause exists to expedite the decision of White-Lett's appeal. The dissolution of the state court injunction allows BONYM to foreclose within a short time. And because this appeal is about BONYM's ability to foreclose on White-Lett's property and BONYM's foreclosure on that property would moot the appeal, the risk that the appeal would be

## II.    Discussion

On appeal, White-Lett argues that the district court abused its discretion in denying her motion for a preliminary injunction staying the bankruptcy court's order granting BONYM's motion for relief from the automatic stay and enjoining BONYM from foreclosing on her house pending the resolution of her appeals.  She argues that: (1) impracticability excused her from first asking for injunctive relief in the bankruptcy court, as required by the bankruptcy rules; (2) even if impracticability did not excuse her from first asking for injunctive relief in the bankruptcy court, the district court did not dismiss her motion on that ground; and (3) an injunction is warranted because she faces a substantial risk of foreclosure, and she is likely to succeed on the merits.  After review, we find that impracticability did not excuse her from asking for injunctive relief in the bankruptcy court.  Because this finding disposes of the case, we affirm.

"We review the decision to deny a preliminary injunction for abuse of discretion." *Mata Chorwadi, Inc. v. City of Boynton Beach*, 66 F.4th 1259, 1263 (11th Cir. 2023) (quotations omitted).  And "we may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below."

---

mooted establishes good cause to expedite it.  *See In re Kahihikolo*, 807 F.2d 1540, 1542 (11th Cir. 1987).  Accordingly, we GRANT the motion to expedite.

23-10732                Opinion of the Court                7

*Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1335 (11th Cir. 2019) (quotation omitted).

"Ordinarily, a party must move first in the bankruptcy court for . . . a stay of a[n] . . . order . . . of the bankruptcy court pending appeal" and "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending . . . ." Fed. R. Bankr. P. 8007(a)(1)(A)–(C). Relief may first be requested "in the court where the appeal is pending" only if the motion "show[s] that moving first in the bankruptcy court would be impracticable." *Id.* 8007(b)(2).

White-Lett admits that she did not first move the bankruptcy court for an injunction pending her appeal in the district court. Fed. R. Bankr. P. 8007(a)(1)(C). Nor did she adequately explain how it was impracticable for her to first move in the bankruptcy court. Fed. R. Bankr. P. 8007(b)(2)(A). White-Lett's primary explanation of impracticability is that the bankruptcy court did not address every argument she made in opposition to BONYM's motion for relief from the automatic stay. She argues that the bankruptcy judge did not "make a ruling or any findings of fact or conclusions of law on her objections relating to her statutory right to a setoff nor made any ruling on her requests for stay of proceedings."[6] Thus, she argues, it would have been

---

[6] To be clear, this "request for stay of proceedings" is distinct from the motion to stay that White-Lett first sought in the district court and that is at issue in this appeal. The "request for stay of proceedings" White-Lett made to the bankruptcy court—a request made only in passing in her opposition brief, not as a standalone motion—was a request for the bankruptcy court to stay a

impracticable to argue for a stay to the bankruptcy judge because there were no findings to challenge.

But at the hearing on BONYM's motion for relief from the automatic stay, the bankruptcy judge provided extensive reasoning as to why it was granting the motion for relief from the automatic stay. That its oral ruling did not explicitly mention White-Lett's request to stay ruling on BONYM's motion or her setoff argument does not mean that the bankruptcy court did not consider those arguments. By explaining that it had jurisdiction to decide the motion for relief from the automatic stay, and then granting that motion, the bankruptcy court was implicitly rejecting White-Lett's request to stay ruling on BONYM's motion and her setoff argument. It is also unclear how the bankruptcy court's failure to discuss those arguments made it impracticable for White-Lett to ask the bankruptcy court, rather than the district court, for a stay pending appeal or an injunction. Nor does White-Lett cite any authority for that proposition.

As White-Lett did not comply with the requirement that she first move for an injunction in the bankruptcy court, we may affirm on that ground even though the district court did not rely on it when announcing its decision. *Berry*, 912 F.3d at 1335. Thus, the

---

ruling on BONYM's motion for relief from the automatic stay in the first instance. The motion to stay that White-Lett made to the district court, and that is at issue in this appeal, was a motion to stay the bankruptcy court's order granting BONYM's motion for relief and its consequences (*e.g.*, potential foreclosure).

23-10732                Opinion of the Court                9

district court did not abuse its discretion in denying White-Lett's motion for an injunction and stay pending appeal.

**AFFIRMED.**